,Mr. Chief Justice Sharkey
delivered the opinion of the Court.
The bill alleges that North, being indebted to B. G. Simmons & Co., executed a deed of trust on a negro-woman and her child, and the north-east quarter of section thirty-three, in township nineteen of range seven, east, to secure the payment; which deed bore date on the 16th of October, 1839, and was recorded on the 12th of December following. That North failed to pay, and the trustee proceeded to sell; but prior to the sale, it was discovered that there was a mistake in the description of the land intended to be conveyed ; *71 that instead of the north-east quarter,' it should have been the southeast quarter, which mistake occurred by the mistake of the draftsman. In consequence of the discovery of the mistake the sale of the land was postponed. North thereupon gave to Calhoun, the trustee, a letter of attorney, authorizing him to reform the deed of trust, which letter bears date on the 8th of October, 1840, and was acknowledged and recorded in the county where the land lies. On the 15th of February, 1841, the trustee proceeded to sell the land, and the complainant Curtis became the purchaser. On the 29th of September and 1st of October, 1840, several jndgments were rendered by the Circuit Court of the same county against North, on which executions issued, and the sheriff, knowing of the deed of trust, levied on the land conveyed therein, and on the 4th of January, 1841, proceeded to sell, and James A. Kennedy, one of the respondents, became the purchaser; at which sale, Calhoun, the trustee, gave public notice of the deed of trust, and of the letter of attorney, and the mistake which it was intended to rectify. Kennedy conveyed the land to the other respondents, and the bill charges them with buying with full notice of the incumbrance. The prayer is for discovery, and that the deed may be reformed, and also for general relief. T. F. Lindsey and Y. M. Lindsey demurred, and the Vice Chancellor sustained the demurrer.
That courts of equity may carry out the intention of contracting parties, is a question which is beyond dispute. This is a prominent feature in equity jurisdiction. If such mistakes could not be corrected, the meaning and intention of parties would often be defeated. Courts of equity will not interpose in doubtful cases, or on slight proof; but when the case is clearly made out, either by the admission of the contracting party, or by proof, the jurisdiction is invariably exercised. And it is a power which is not confined to any description of contract; it extends to executed as well as executory contracts, however solemn they may be in their character. When the mistake is admitted, then it is said there is no difficulty ; then there is an equity dehors the deed or instrument, and the power to relieve is said to be quite as clear when the mistake is shown by proof either written or parol; and it is not regarded as an infraction of the rule which prohibits the introduction of parol testimony to explain or vary written *72 instruments, but it is an exception to that rule, founded on the reason of the rule itself; to wit, a desire to suppress fraud, and promote good faith and confidence in the observance of contracts. Nor does this rule fall within the operation of the statute of frauds, which requires certain contracts to be in writting. It is applied to cases falling within that statute, as well as those which are not within it. 1 Story’s Equity, 164 to 167.
The facts of this case, apart from the judgments subsequently acquired, are such as to entitle the complainants to relief. The bill charges the mistake, and avers also that North did not own the quarter section of land described in the deed, but that he owned and resided on the one intended to be described. North, by giving a power of attorney to correct the mistake, admitted that it had occurred. The power of attorney, although not under seal, and perhaps therefore insufficient to justify a correction of the deed, is still sufficient as a matter of evidence of the understanding and intention of the parties. It is a written admission of the mistake. It is made an exhibit, and fully explains its object. Apart then from the interest of third persons, there can be no‘question but that a court of chancery ought, under the circumstances of this case, to grant the relief, or at least ought not to have sustained the demurrer.
But what is to be the effect as to the purchasers at the sheriff’s sale under judgments rendered subsequent to the execution of the deed, but prior to the discovery of the mistake and the execution of the power of attorney ? As a general rule, courts of equity will not correct mistakes to the prejudice of innocent purchasers, and the bill charges the purchasers at sheriff-sale, and their vendee, with notice. But suppose the judgment in general to operate as a lien, and that purchasers under such lien are not affected by notice ; still the inquiry is, was there such a lien in this case as would protect them ? This was a case in which there was an equity dehors the deed. The written admission of North was at least equivalent to his answer confessing the mistake. It was such an admission of the equity as to entitle the complainant to protection under the circumstances, even against a judgment lien, for in chancery the equities are considered, notwithstanding the judgment lien ; the judgment is considered as attaching subject to the equities of other parties. North, then, had *73 nothing on which the lien could attach, or if he had,'it was but an apparent legal title, covered by a superior equity. Judge Story says, that courts of equity will interfere to correct mistakes between the original parties, or those claiming under them in privity, as heirs, devisees, legatees, assignees, voluntary grantees or judgment-creditors, or purchasers from them with notice of the facts. 1 Paige’s Rep. 280. ■
The defendants are purchasers with notice. The case of Gouveneur v. Titus, 6 Paige’s Reports, was in every feature like the case at bar, and is a direct authority.in favor of complainants. The decree of the Vice Chancellor sustaining the demurrer must be reversed, and the cause remanded.