Young v. Coleman et al.

———————————◇———————————

WILLIAM C. YOUNG, Plaintiff in Error, *v.* GEORGE W. COLEMAN and BENJAMIN CASON, Defendants in Error.

1. *Practice, Civil — Pleadings — Causes, legal and equitable — Misjoinder.*— A petition containing in the same count a prayer for equitable relief, and also for rents and profits and for possession of the premises, is bad for misjoinder. The statute requiring the separate statement of legal and equitable causes of action should be strictly observed. But in such cases the equitable claim can be considered, and the rest of the petition may be treated as surplusage.

2. *Practice, Civil — Instructions — Jury Trial.*— Instructions are proper only where there is a jury trial, or where issues of fact in actions at law are submitted to the court.

3. *Conveyances — Mistakes in Deeds — Equity — Relief — Purchaser with notice.*— In all cases of mistakes in deeds, courts of equity will interfere as between the original parties, or those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors, or purchasers from them with notice of the facts. And this is true even where the property embraced in the deed has

been sold upon execution. But the mistake must be clearly proved, and the present indebtedness of him who executed the deed to the grantee therein must be established. And in case of such privity in a deed of trust given to secure an indorser who has paid the note indorsed, and is not otherwise reimbursed, the mistake set forth should be corrected.

4. *Conveyances, mistakes in — Equity — Relief — Estoppel.*—Plaintiff in such an action is not estopped from securing relief because the land had been previously sold under judgment execution in his favor, unless he directed the land to be sold, or received a portion of the proceeds.

### *Error to First District Court.*

At the time of the purchase of the land in controversy by Cason, he was notified of the existence of the first and second deeds, both constructively and actually. After his purchase Cason took possession of the land and put defendant Coleman thereon as tenant; and afterward there was a sale under the deed of trust, and Young, the plaintiff, became the purchaser, and commenced this suit to recover the possession of said real estate, and for damages.

The defendant answered, denying the facts set up in the petition, and pleaded the statute of frauds and the statute of limitations, and that Young is estopped from setting up any claim to the land.

For a general statement of the case see opinion of the court.

*Ewing & Smith*, for plaintiff in error.

I. A court of equity will correct a mistake in the description of land in a deed, against a subsequent purchaser with notice. (Henkel v. Royal Assurance Co., 1 Ves. 314; Sto. Eq. § 153, and authorities there cited.) This position is not at variance with that rule of evidence that prohibits the introduction of parol testimony to vary the stipulations in a written contract; but it is similar to the exception to this rule which does permit such evidence in cases of fraud. So the position or rule contended for will permit parol evidence to correct evident and innocent mistakes of both parties to a written contract. (Sto. Eq. § 155–60.) In White v. Wilson, 6 Blackf. Ind. 448, it is said: "A mortgage to indemnify a surety, by mistake, did not include one tract of land intended by the parties to be embraced therein; judgments by creditors of the mortgagor were recovered against

him; the surety paid the debts on which he was liable, against which the whole amount of the land intended to be included in the mortgage was not sufficient to indemnify him; and the mortgagor and debtor was insolvent. *Held*, that equity would correct the mistake in the mortgage, and gave the mortgage priority to the judgment liens on the land so omitted by mistake." (Hook v. Craighead, 32 Mo. 405; Leitensdorfer v. Delphy, 15 Mo. 160; Henderson v. Willis, 4 Scam. Ill. 13; Goveurner v. Titus, 1 Edw. Ch. R. 477; Blessing v. Beatley, 1 Rob. Va. 287; Watson v. Cox, 1 Ired. Ch. 389; Simmons v. Worth, 3 Sm. & Mar. Ch. Miss. R. 67; 36 Mo. 526; 26 Mo. 56; 2 Johns. 585; 5 Johns. 224, 184; 10 Conn. 244; 1 Johns. Ch. 607; 1 Dev. Eq. 379; 1 Pet. U. S. 13; 3 Clark's Iowa, 557; 4 *id*. 314.)

II. This case is not within the statute of frauds, and plaintiff's second instruction is the law. It is as follows: "The evidence introduced fails to bring this case within the statute of frauds, and the court will disregard that plea set up in defendant's answer." The creation of the trust in this case is in writing, and is also recorded, and a mistake in the deed will be corrected by a court of equity, and the land accidentally left out will be held for the use of the party for whom it was intended — especially where Cason, the purchaser, had actual and constructive notice of the fact prior to his purchase, as in this case. And to make the question of notice still stronger against Cason, the second deed of trust was given and recorded before Cason's purchase, and, being in writing also, clearly takes the case out of the statute of frauds. Even if there were the least foundation for the position that this case was within the statute of frauds, yet there was such part performance between Cordell and Young as would take it out of the statute. Cason, with notice, stands where his vendor, Cordell, did.

III. This action is not barred by the statute of limitations.

IV. Young is not estopped in this action by any act or omission on his part. Young was present at the execution sale, and notified all persons that the land belonged to himself and others, and not to Cordell. There was no sale under Young's judgment and execution, nor was there even a levy; and, if no sale, of

course no estoppel. In order to constitute an estoppel, the influence of the acts or admissions of the party must be shown to have been an immediate and direct influence. (Watkins v. Peck, 13 N. H. 360; Reynolds v. Louisberg, 6 Hill, 534; Casey v. Jules, 1 Gill. 430; Wallace v. Truesdale, 6 Pick. 457; Whitney v. Holmes, 15 Mass. 162; Miller v. Cresson, 5 Watts & Serg. 284, etc.; Newman v. Hook, 37 Mo. 207; 3 Hill, 219; Taylor v. Zepp, 14 Mo. 482.)

V. A purchaser with notice is treated by the courts just as his vendor; and Cason, having both actual and constructive notice, stands exactly in the position Cordell himself would have occupied if his property had not been sold, and Cason will be held to be a trustee for Young. (Sto. Eq. 395; Sugd. on Vend., 1st Am. from 2d Lond. ed., 470, 471, and authorities there cited; 4 Kent, 172; Wallace v. Wilson, 30 Mo. 335; 14 Mo. 170; 20 Mo. 133; Murray v. Ballou, 1 Johns. Ch. 566; Heatley v. Finster, 2 Johns. Ch. 158.)

VI. By late decisions of this court it has been held that equity cases to set aside deeds and decree title cannot be joined with ejectment. This is a case of that kind. But having been tried by the court, and the finding for the defendant, we ask that the ejectment be disregarded, and that this court will enter up such decree as the Circuit Court should have entered upon the equity part of the case.

*H. C. Hayden*, and *Lay & Belch*, for defendants in error.

I. There was no contract proven, either written or verbal, for a court of equity to reform. Cordell's bare unexecuted intention did not create a trust which will be enforced in favor of any one.

II. The plaintiff, Young, is in court without a shadow of right or title. He bought nothing at the sheriff's sale under the deed of trust, which point is fully decided in the case of Haley v. Bagley, 37 Mo. 364.

III. Young bought nothing at the trustee's sale. It was not a case of substitution contemplated by the statute. There was no notice, and the statutory requirements were not complied with.

IV. Cordell's attempt, after the lien of the judgments had

attached, to correct the first deed by making the second deed, was a nullity. He could not thereby divest the judgment liens.

V. Cason had no sufficient notice of the alleged equity for a reformation, or of a previous subsisting contract and a mistake therein. Young's statement to the bidders at the execution sale did not amount to a notice of such equity.

VI. The statute of limitations of five years is a bar.

VII. Young is, estopped from averring anything against the title which he sold under his execution, of which he now seeks to divest Cason, his purchaser.

BLISS, Judge, delivered the opinion of the court.

Plaintiff filed his petition in the Cole County Circuit Court, setting forth that on the 10th of February, 1858, one Cordell executed to one Parsons a deed of trust, for plaintiff's use, to secure him as indorser upon a note of $1,400 to the Fayette Branch Bank; that a mistake was made in the description of part of the land, and to cure it another deed of trust was executed, July 26, 1859, by Cordell, to the same trustee for the same use; that in 1864, the trustee having left the State, the Circuit Court appointed the sheriff to execute the trust, who offered the land for sale, and it was bid in by plaintiff. The petition also shows that defendant Cason, in 1858, obtained a judgment against Cordell for $2,400, and in 1859 sold and bid in the land, by mistake omitted or misdescribed in the first trust deed, but embraced in the second. The plaintiff asks that the title be vested in him; that the conveyance of the sheriff to Cason be declared void; and for possession of the premises. Defendant Cason admits the trust deeds, but denies the mistake; sets forth various other judgments against Cordell, rendered after the first and before the second trust deed—upon which, as well as his own judgment, the property was sold — one of which was in favor of plaintiff; claims an estoppel and the benefit of the statutes of frauds and of limitations.

The evidence shows the two trust deeds, the substitution of the sheriff as trustee, and sale by him to the plaintiff for the sum of seventy-five dollars; also the various judgments and executions

against Cordell, the sale of the misdescribed land to defendant Cason, and that he bought with notice of plaintiff's claim. All the testimony in relation to the consideration of Cordell's· deed and the mistake is given, as follows:

"The plaintiff then introduced Enos B. Cordell as a witness, who testified that in February, 1858, he made a deed of trust to M. M. Parsons, as trustee, to secure W. C. Young as his indorser on a note for about $1,400 to the Bank of Missouri at Fayette; that he intended to put a certain tract of land mentioned in the petition, known as the "Clendenin tract," in the deed of trust, but that by mistake the same was left out, and the numbers of other lands not belonging to him were inserted in the deed; that he did not discover the mistake until some time afterward, when his attention was called thereto by those interested. In order to correct the mistake, he made a second deed to Parsons as trustee. Witness explained the reason why the note bore date subsequent to the date of the first deed of trust, the date not being put to the note until the same was discounted in bank, which was some time after the execution of the deed. The note was introduced, shown to and recognized by the witness."

The Circuit Court rendered judgment for defendants, which was affirmed by the District Court.

The petition contains in the same count a prayer for equitable relief; also, prayer for rents and profits, and for possession of the premises. This is clearly a misjoinder. Our statute provides that different causes of action, "whether legal or equitable, or both," may be united in one petition, but they must be "separately stated, with the relief sought for each cause of action." Legal and equitable causes of action require different modes of trial and different relief. Their union, even when admissible and properly stated, tends to create confusion, and the statute requiring their separate statement should be strictly observed. (See Peyton v. Rose, 41 Mo. 257, and numerous other cases in this court.) But the equitable claim of plaintiff can be considered; and we will treat as surplusage the rest of the petition.

The trial below was by the court; and a large number of legal propositions, in the nature of instructions, were asked to be stated

by the court, some of which were given and some refused. It is unnecessary to consider these propositions, as they are only proper when there is a jury trial, or where issues of fact in actions at law are submitted to the court. (Gen. Stat. 1865, ch. 169, § 47.) The law side of the case must have been abandoned, as there was no jury trial, as required by section 12; nor was such trial waived under the provisions of section 14 of the same chapter.

The obligation of courts of chancery to correct mistakes in instruments of writing, as between parties and their privies, is fully established, and has always been recognized by the courts of Missouri. Plaintiff's counsel has referred us to White et al. v. Wilson, 6 Blackford, 448, which is almost precisely like the one before us, except that the plaintiff had paid the debt for which he was security. Judge Blackford, in sustaining his claim, quotes approvingly the opinion of Judge Story, that in all cases of mistakes in written instruments courts of equity will interfere as between the original parties or those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors, or purchasers from them with notice of the facts. (Sto. Eq. § 165.) In Simmons v. Worth, 3 Miss. 67, Judge Sharkey holds the same doctrine, and, indeed, the books are full of decisions making it the duty of courts of equity to correct mistakes in written instruments. It makes no difference if the property embraced in the deed has been sold upon execution. The purchaser with notice takes no more than the execution debtor held.

But the party who seeks this remedy must have a perfect equity. (Sto. Eq. § 176.) Judgment creditors who have obtained a lien upon the property omitted in the deed by mistake, and purchasers from them, will not be thrown out of it unless the plaintiff makes a strong case. Not only must the mistake be clearly proved, but the present indebtedness of him who executed the trust deed must be established. Cordell executed to the plaintiff the deed in controversy to secure him as his indorser. It does not appear that the plaintiff has paid the note indorsed. If not, he has no equity as against defendant Cason. The fact

that by the terms of the trust deed the land might have been sold to meet plaintiff's liability on the note, had it been correctly described, does not require us to correct the deed after sale upon judgments, unless an equity is shown higher than that of the judgment creditors or those purchasing under them. We think in this case the plaintiff should have averred and proved that this note had been paid by him. Without rebutting evidence, the mistake in the trust deed seems sufficiently established. It was not cured by the second, as judgment liens intervened. If the plaintiff has paid the note indorsed by him, and is not otherwise reimbursed, the mistake set forth should be corrected.

The defendant claims that plaintiff is estopped from proceeding in this cause because the sheriff's deed to defendant Cason recites that one of the executions upon which the land was sold was in favor of plaintiff. We see no ground for this claim. Plaintiff had a right to obtain judgment and issue execution. It nowhere appears that he directed this land to be sold, or received any of the proceeds of the sale. On the other hand, on the day of sale, he protested against it and gave public notice of his claim.

Defendant also claims the benefit of the statutes of frauds and of limitations. If the statute of frauds applies in this case, it must in all cases when the contract or conveyance sought to be corrected is required to be in writing. It is chiefly to correct such instruments that courts are called upon to interfere. It is only necessary to look at the date of the discovery of the mistake and the commencement of this proceeding to see that plaintiff has not lost his right of action by lapse of time.

Though we think the plaintiff is not entitled to relief upon the pleadings and proof before us, yet he probably has an equity of which he should be permitted to avail himself.

The District Court erred in the grounds of its opinion, and its judgment is reversed, and the cause is remanded to the Circuit Court for hearing upon the law as herein given, and plaintiff has leave to amend his petition. The other judges concur.