WILLIAM C. YOUNG *et al.*, Defendants in Error, *v.* BENJAMIN
CASON, Plaintiff in Error.

1. *Equity — Action to reform deed — Mistake in description of land in mort-
gage — Judgment liens — Relief.*—When a deed of trust by mistake omitted
to describe certain lands, but the mistake was corrected by the grantor through
a new deed, and the land was sold under the latter as well as the former; the
sale may be affirmed, and a court of equity will set aside the lien of a judg-
ment on the land, obtained by a creditor with notice, after the first but before
the second deed. But such action of the court can only be justified when the
mistake clearly appears. No necessity can arise for a re-sale of the property
where the evidence fails to show that it was sacrificed in consequence of the
cloud thrown on the title by the judgment and sale.

Equity may not only enforce liens but remove them when they come in
conflict with a superior equity.

*Error to Cole Circuit Court.*

Defendant, between the making of the first and second deeds
of trust, obtained judgment against Cordell, and had the land in
controversy levied on and sold.

For facts generally, see 43 Mo. 179.

*H. C. Hayden*, for plaintiff in error.

I. The mistake in the first deed of trust was not cured by the
making of the second deed of trust, as judgment liens intervened.

II. Young did not show that he had paid the debt.

III. Those who were substituted on the record as co-plaintiffs
had no *status* in court. Their claim to relief was barred by the
statute of limitations, by both the five and ten-year statute.

IV. Admitting that they were all in court properly, yet the
entry of a decree divesting Cason of title and vesting the same
in Young was simply an enormity. Cason had the right to
redeem, and there was not even a strict foreclosure, but he is cut
off by the decree from even paying the entire debt and taking
the property, as he had the unquestionable right to do. The only
decree which could have been rendered under any circumstances
was to order a sale of the real estate, after correcting and
reforming the deed, and thus, afer a sale, to give Cason, the
representative of Cordell and the owner of the equity of re-

demption, the benefit of the surplus. If the debt and interest amounted to $1,500 and the property was worth $5,000, Young, by the decree in this case, would get $3,500 which he is not entitled to, and which, as a matter of right and equity, belongs to Cason. The statute of limitations is a complete bar as against the new plaintiffs introduced upon the record as parties in the third amended petition. Their cause of action, if any, resulted from the payments severally made by them. Where indorsers or sureties pay the debt of the principal, their demands thus created are regarded as independent and several, and they stand in relation to each other as any other independent creditor toward a common debtor. (Harrison v. Phillips, 46 Mo. 525; 8 Cow. 168; 3 B. & P. 235; 3 N. Y. 366.)

*Ewing & Smith*, for defendants in error.

I. A court of equity will correct a mistake in the description of land in a deed, against a subsequent purchaser with notice. (Henkle v. Royal Assurance Co., 1 Ves. 314; Sto. Eq., § 153 and authorities cited.) This petition is not at variance with the rule of evidence that prohibits the introduction of parol testimony to vary the stipulations in a written contract, but is similar to the exception to this rule, which does permit such evidence in cases of fraud; so the position or rule contended for will permit parol evidence to correct evident and innocent mistakes of both parties to a written contract. (See Sto. Eq., §§ 155, 156; *id.*, §§ 157–60, 165–6; see generally White v. Wilson, 6 Blackf., Ind., 448; Young v. Coleman, 43 Mo. 179; Hook, Adm'r, etc., v. Craighead, 32 Mo. 405; Leitensdorfer v. Delphy, 15 Mo. 160; Henderson v. Willis, 4 Scam., Ill., 13; 1 Edw. Ch. 477; Govenurer v. Titus, 1 Rol., Va., 287; Blessing v. Beatty, 1 Ind. 389; Watson v. Cox, 3 Sm. & M., Miss., 67; Simmons v. North, 36 Mo. 526; 26 Mo. 56; and see further 2 Johns. 558; 5 Johns. Ch. 224; *id.* 184; 10 Conn. 244; 1 Johns. Ch. 607; 1 Dev. Eq. 379; 1 Pet., U. S., 13; 3 Clark, Iowa, 557; 4 *id.* 314.) The second deed of trust cuts no particular figure in the case, except that, it being recorded and purporting on its face to be a

*bona fide* deed, it was enough to put Cason on inquiry before buying—enough to give him constructive notice of Young's claim.

II. If Young had any rights at all, he had them under his deed of trust in equity, and it required no sale under that deed to perfect those rights, except so far as to close up or complete them. Under the deed of trust, Young and others had a prior and superior equity in the land in controversy, and his purchase gave him no better rights, but only gave him power to assert them in a court of equity.

III. A purchaser with notice is treated by the courts just as his vendee; and Cason having both actual and constructive notice, stands exactly in the position Cordell himself would have occupied if his property had not been sold, and Cason will be held to be a trustee for Young. (Sto. Eq., § 395; Sugd. Vend., 1st Am. ed., 470–1 and authorities cited; 4 Kent, 172; Wallace v. Wilson, 30 Mo. 335; 14 Mo. 170; 20 Mo. 133; Murray v. Ballou, 1 Johns. Ch. 566; 2 Johns. Ch. 158.)

BLISS, Judge, delivered the opinion of the court.

This cause has been once before this court, and is reported in 43 Mo. 179. On being remanded, an amended petition was filed, in which several new parties joined as plaintiffs; and Coleman, being a nominal defendant, was not named. We before found that the mistake in the first deed was sufficiently established, but it did not appear that the plaintiff had paid the debt, to secure which the deed was given, and therefore he had no equity as against other creditors. It now appears that the debt, amounting to about $1,600, has been paid by the plaintiff and his co-sureties; that the original trust deed was executed to Parsons for the benefit of all the sureties, and that the property was bid in by Young for his and their benefit. The mistake is more clearly established than before, and the new plaintiffs who have joined with Young are his co-sureties, who have paid the debt, and for whose use he has bid in the property.

The defendant interposes the statute of limitations against all the new plaintiffs; but it will be seen that they have always been

in court as represented by their trustee, Young. Had the former judgment, which was in favor of Young alone, not been reversed, the other plaintiffs, according to the present showing, could have compelled him to hold the land as trustee; the trust being a continuing one, the statute would not run against them, and they should certainly be placed in no worse position because they now come in to have their equities adjusted as between themselves, as well as to enforce their equity against defendant, which before had been prosecuted alone by their trustee.

The decree affirms the sale to Young, but gives the property to all the present plaintiffs, for whose use he bid it in, and sets aside the lien and sale to defendant. The latter claims that there should be a re-sale. That point is not without difficulty. If the original mistake had not been corrected by the grantor through a new deed, and the sale had not been made under the latter deed as well as the former, I should think it clear that the sale ought not to be affirmed. It would not do for a mortgagee or trustee to proceed to sell property not named or embraced in the mortgage, and afterward for the purchaser to obtain a confirmation of the sale by showing that it was intended to be embraced. It is not such an equity as should be subject to sale under a power to sell something else, but the right to sell the specific property should be first established. In the present case, however, there was a new trust deed correcting the old one. The later one conveyed the legal title to the true property. There would have been no necessity of coming into court had not a judgment lien intervened, and equity may not only enforce liens but remove them when they come in conflict with a superior equity. If there had been a sacrifice of the property in consequence of this cloud — if it were shown to have been worth greatly more than the amount for which the sureties became liable — there might be some show of reason in the request, but nothing of the kind appears.

Judgment affirmed. The other judges concur.