Philips v. Samuel.

PHILIPS, *Appellant,* v. SAMUEL.

76 657
50a 128
50a 544
76 657
58a 667
76 657
161 655

1. **Injunction**: PRACTICE. In a suit to enjoin a judgment on the ground of surprise, the court, without setting aside the judgment, examined into the merits of the original case, and finding that there was no valid defense, refused the injunction. *Held,* a proper method of procedure. The complainant was not entitled to have the judgment first set aside and his defense then tried by a jury.

2.  **Practice in Equity:** INSTRUCTIONS. Error in instructing the jury upon issues submitted to them in a proceeding in equity will not vitiate the judgment if the evidence warrants the finding.
3.  **Partnership.** An agreement to share profits is *prima facie* an agreement for a partnership; but the contrary may be shown.

*Appeal from Clay Circuit Court.*—HON. GEORGE W. DUNN, Judge.

AFFIRMED.

*J. W. Jenkins* and *J. D. S. Cook* for appellant.

*Samuel Hardwicke* and *D. C. Allen* for respondents.

HENRY, J.—This is a proceeding to restrain defendants from collecting a judgment in their favor rendered by the Clay circuit court at its March term, 1875, and to set aside that judgment. The suit on which the judgment was rendered was instituted by defendants against C. M. Ewing, Joseph Y. and Samuel Clark, John Holt and appellant Philips, on a demand against them as members of the co-partnership firm of Ewing, Clark & Co. Philips filed an answer denying that he was a member of the firm. The cause was set for trial on the docket of the Clay circuit court for March 25th, 1875. Philips alleges, in his petition herein, that his attorney was in attendance on said court and ready for trial on that day, and remained until the 1st day of April, when the court announced that no more jury trials would be had at that term, whereupon his attorney went to Kansas City where he resided, and remained until the court adjourned. On the next day, April 2nd, said cause was taken up, in the absence of Philips and his attorney. The cause was dismissed as to Joseph Y. Clark, and judgment rendered against the other defendants.

April 27th this suit was commenced and the prayer of the petition is, that said judgment be set aside, and that plaintiff be permitted to make his defense, and that Sam-

uel and his co-plaintiffs be enjoined from enforcing the
collection of said judgment, until the cause could be heard.
A temporary injunction was granted. When the cause
came on for hearing, without setting aside the judgment,
the court submitted to the jury the following issues of
fact: Was Edward A. Philips a member of the firm of
Ewing, Clark & Co. in the business out of which the ac-
count mentioned in the pleadings grew? Or did he permit
his name to be used as a member of that firm in the busi-
ness out of which the account grew? Or did he permit
the other members of the firm to hold him out to the world
as a member of that firm in the business out of which the
account grew? Or did he hold himself out to the world
as a member of that firm in the business out of which the
account grew? The jury found the issues for defendant,
and after hearing evidence on other issues, the court dis-
solved the temporary injunction, dismissed plaintiff's bill
and entered judgment against plaintiff and his surety in
the injunction bond for damages and costs. From that
judgment plaintiff has appealed, and contends that he was
entitled to have the judgment in the original suit set aside
as to him, and his defense in said action tried by a jury.

In *Bresnehan v. Price*, 57 Mo. 422, cited and relied
upon by appellants, the first sentence of the opinion de-
clares that, in that case, the court should
have done just what the court did in the case
at bar, as to the mode of procedure. It was a case anal-
ogous in its facts to this, and Judge Wagner, who delivered
the opinion of the court, said: " It is clear to my mind that
the court below erred in dismissing the injunction and
then giving final judgment against the plaintiff without
hearing his evidence on the merits."

While one of the instructions given to the jury at the
instance of defendant is objectionable, yet as this is a pro-
ceeding in equity in which the court might
have disregarded the verdict of the jury on
the issues submitted, and the law declared to the jury, the

1. INJUNCTION: practice.

2. PRACTICE IN EQUITY: instruc-
tions.

error committed in the instruction is no ground for reversing the judgment, if the evidence warranted the finding for defendant by the court.   There was evidence tending strongly to prove that defendant was a member of the partnership, and also that he had held himself out and permitted others to represent him as a member of the firm, on either of which grounds the verdict might well have been for defendants on the evidence.

The instruction which we think erroneous declared that " if Philips was to receive an annuity out of the profits 3. PARTNERSHIP.   of the firm as a part thereof the jury should find the issues against him."   *Wiggins v. Graham*, 51 Mo. 18; *Campbell v. Dent*, 54 Mo. 325 ; *Donnell v. Harshe*, 67 Mo. 170.   An agreement to share profits is *prima facie* an agreement for a partnership, but the contrray may be shown.   Lindley on Partnership, 18.   " Community of profit is not the test of partnership."   Ib.

In this proceeding the appellant had a fair trial of the issues tendered by him in his answer to the petition in the original suit, and for the reasons above stated, the judgment is affirmed.   All concur.