MICHIGAN BUGGY COMPANY, Appellant, v. STEPHEN C. WOODSON, Respondent.

Kansas City Court of Appeals, December 3, 1894.

1. **Sales:** CONDITIONAL: TITLE: COMMON LAW. Where property is sold upon condition that the title remains in the seller until the purchase money is paid, the contract is valid at common law and enforceable against even a *bona fide* purchaser.

2. ———: ———: ———: STATUTE. Under section 5178, Revised Statutes, 1889, such conditional sale, to be good against creditors, prior or subsequent, or purchasers, must be evidenced by writing executed and acknowledged and recorded, as mortgages of personal property; and a mortgage of personal property not complying with said section, is invalid as to creditors and purchasers, even with actual notice.

3. **Written Instrument:** REFORMATION OF: LAW. If a written instrument fails to express the contract which the parties actually entered into, equity will reform it, even though the failure was the result of a mistake of law, and a deed of trust, under which defendant claims as a trustee, and described in the opinion, is *held* to have been reformable by a court of equity, and that the parties thereto had the right themselves to so reform it as to express their intention.

4. **Construction:** DEED OF TRUST: DEFEASANCE: RECITALS: CONDITIONAL SALES. An instrument which does not fulfill the definition of a deed of trust for the reason that it contains no defeasance disclosing the retention of the equitable interest of the grantor, is *held* by its recitals to show that it was given to secure the payment of the debt that it described and was not an absolute appropriation of the property to the payment of the grantor's debts as would be the case in an assignment. And said instrument is *held* to be a mortgage, and the trustee therein to be the trustee of the creditor having a lien for a

debt on the property. *Held*, further, that a contract in writing, but unacknowledged and unrecorded, between the grantor in said instrument of writing and his vendor, by which the latter retained the title to the property, was absolutely invalid as against such trustee.

*Appeal from the Buchanan Circuit Court.*—Hon. HENRY M. RAMEY, Judge.

AFFIRMED.

*Dowe, Johnson & Rusk* for appellant.

(1) As between plaintiff and Jewett & Co., under the contract between them, plaintiff had a right to take the property. Benjamin on Sales, sec. 425, and note 92; Tiedeman on Sales, sec. 144; *Parmelee v. Catherwood*, 36 Mo. 479; *Wangler v. Franklin*, 70 Mo. 659; *Tufts v. Thompson*, 22 Mo. App. 564–568. This being so, plaintiff's instruction number 1 should have been given. (2) And if defendant occupied the position of an assignee for creditors, plaintiff's claim to the property was good against him. *Peet v. Spencer*, 90 Mo. 384–388; *Heinrichs v. Woods*, 7 Mo. App. 236; *Gregory v. Tavenner*, 38 Mo. App. 627. (3) Upon its face and under the evidence, the deed of February 8, must be construed as a general deed of assignment. Burrill on Assignments, sec. 6; Cobbey on Chattel Mortgages, sec. 98; *Crow v. Beardsley*, 68 Mo. 435–438; *State to use v. Benoist*, 37 Mo. 500–509; *Douglas v. Cissna*, 17 Mo. App. 44; *Hargadine v. Henderson*, 97 Mo. 375. (4) This being so, the construction put upon it by the court was a variance of its terms and inconsistent with its provisions; and the admission by the court of oral evidence to support such construction was erroneous. *Hickman v. Hickman*, 55 Mo. App. 303; *Kochring v. Muemminghoff*, 61 Mo. 403; *Johnson Co. v. Wood*, 84 Mo. 489; *James v. Clough*, 25 Mo. App. 147–

154; *Jennings v. Brizeadine*, 44 Mo. 332. Where the language of an instrument has a settled legal construction, parol evidence is inadmissible to vary such construction. 1 Greenleaf on Evidence [12 Ed.], sec. 298; 2 Parsons on Contracts [5 Ed.], 551. (5) The deed of February 8, by its terms, conveyed a different interest or estate in the property described from what it conveyed as interpreted by the court. *Bartlett v. Teah*, 1 Fed. Rep. 768. Parol evidence is not admissible to affect the operation of a deed in respect to the interest or estate purporting to be conveyed. *Henderson v. Henderson*, 13 Mo. 107. (6) While a deed absolute in form, may, as between the parties to it, be shown by parol evidence to be a mortgage, this will not be allowed when the interests of third parties would be affected thereby. *State to use Nieman v. Koch*, 40 Mo. App. 635–640. Reformation of a deed can not be had to the detriment of the beneficiaries. *Cottrell v. Bank,* 54 N. W. Rep. 1111; *Douglas v. Cissna, supra.* The beneficial interests of the creditors under a deed of assignment for their benefit completely vests as soon as the deed of conveyance is filed for record. *Rendleman v. Willard*, 15 Mo. App. 375; Burrill on Assignments, sec. 259; *Douglas v. Cissna, supra.*

*Ben J. Woodson, T. J. Porter* and *B. R. Vineyard* for respondent.

(1) Under the statute of Missouri (R. S. 1889, sec. 5178; R. S. 1879, sec. 2505), and which was in force at the time of the sale by plaintiff to Geo. L. Jewett & Co., the condition of the contract of sale, seeking to retain title in the vendors of the goods until paid for, was absolutely void as against all creditors of the vendees, both prior and subsequent. *Collins v. Wilhoit*, 108 Mo. 451; *Collins v. Wilhoit*, 35 Mo. App.

585. (2) And Woodson, having been put into possession by Geo. L. Jewett & Co., under an instrument claimed by us to be a deed of trust, and claimed by the plaintiff's counsel to be a deed of assignment, that possession was either for the benefit of the Saxton National Bank, as we claim, or all the creditors of the makers of the deed, as our opponents claim. In either case, whether trustee or assignee, he was holding for creditors for whose benefit the statute (R. S. 1889, sec. 5178) was enacted. That statute made the conditional sale in controversy as to those creditors absolutely void, so that Woodson's possession could not be disturbed. *Collins v. Wilhoit, supra.* (3) Besides the deed, of date February 8, 1893 (pp. 16–19), claimed by opposite counsel to be a deed of assignment, is, in fact, a deed of trust. It shows on its face that it was given to secure the payment of the debts to the Saxton National Bank only, and not all the debts of the grantors. It shows further on its face that the proceeds of sale were to be applied to the payment of the bank debts until satisfied, and the remainder turned over to the grantors. It was evidently given as a security for the bank's debt. *Hagardine v. Henderson,* 97 Mo. 375; *In re Assignment of Zwang,* 39 Mo. App. 356, 369; *Warner v. Littlefield,* 89 Mich. 329; s. c., 50 N. W. Rep. 721; *Gage v. Chesebro,* 49 Wis. 486; *Bank v. Chapelle,* 40 Mich. 447; *Baker v. Hall,* 13 N. H. 298. (4) But the testimony introduced by both sides, showing clearly the mistake of the draughtsman in the hurry of preparation, in failing to conform to the direction of the parties, to make a deed of trust (if in fact it is not on its face and by its terms a deed of trust) was properly introduced. It was not introduced to vary the terms of the first instrument, but to show that in making it, it was done to correct the mistake or supply the omission in the first one. As, under the

evidence, a court of equity would have reformed the first deed of trust, the parties thereto had a right themselves to reform it so as to conform to the intention of the parties. *Martin v. Nixon*, 92 Mo. 35, 36; *Price v. Reed*, 38 Mo. App. 503; *Bruse v. Nelson*, 35 Iowa, 157; *Geib v. Reynolds*, 35 Minn. 331; *Banes v. Mott*, 64 N. Y. 397; *Stimpson v. Pease*, 53 Iowa, 572; *Wooden v. Haviland*, 18 Conn. 101. The case last cited involved the right to correct a mortgage, when the defeasance clause was omitted by mistake of the scrivener. (5) The mistake here was one of fact, to correct which a court of equity would grant relief. The law goes further than is necessary to sustain us; for, "if an instrument, as it is reduced to writing, fails to express the contract which the parties actually entered into, equity will reform it, and this it will do, though such failure was the result of a mistake in law." *Corrigan v. Tiernay*, 100 Mo. 276; *Griffith v. Townley*, 69 Mo. 13; *Cassidy v. Metcalf*, 66 Mo. 519; *Smith v. Patterson*, 53 Mo. App. 66.

SMITH, P. J.—This is a suit in replevin. The property taken under the writ had been sold in August, 1892, by the plaintiff to the firm of Jewett & Company and shipped to them upon a written order signed by Jewett & Company containing this cause and agreement: "All bills payable in current funds or New York exchange. Title to the goods shipped on this order, or any subsequent orders, is to remain in the Michigan Buggy Company until paid for in money, and should anything occur to affect my commercial standing, or should I become insolvent, any amount still unpaid shall immediately become due, and it is agreed and understood that the Michigan Buggy Company have the right to take possession of the goods." On February 8, 1893, Jewett & Company by their certain instru-

ment of writing duly signed and acknowledged, conveyed and delivered all their property, including that in controversy, to the defendant for the purpose of securing their certain promissory notes to the Saxton National Bank amounting in the aggregate to something like $18,000. This instrument was a deed of trust in form, except that it contained no defeasance clause. The notes thereby intended to be secured had been given to the Saxton National Bank, the beneficiary, for a sum aggregating about $18,000. The larger part, if not all, of this sum had been loaned by said bank to Jewett & Company, prior to the purchase by the latter under the agreement with plaintiff already referred to. On February 9, 1893, Jewett & Company executed to defendant a certain deed of trust also on all their property to secure all of their creditors, except the Saxton National Bank, secured by the deed of the day previous, already referred to. In the second deed it is recited that the lien therein provided was amendatory to that of the said first deed. On February 10, 1893, Jewett & Company executed to defendant a third deed of trust wherein were recited the provisions of the first and also containing the defeasance usual in deeds of trust. It was also stated therein that the instrument was executed for the purpose of reforming the first between the same parties and for the purpose of more fully and perfectly expressing the intention of the parties to mortgage the property described in both instruments to secure the debts in each described. At the time of executing these instruments Jewett & Company were insolvent.

There was a trial and judgment for the defendant, to reverse which, the plaintiff appealed.

The first ground of the plaintiff's appeal is, that the trial court committed error against it in its action in refusing to tell the jury, by an instruction asked by

it, numbered 1, that, under the contract read in evidence between plaintiff and Jewett & Company, the title to the property in controversy remained in the plaintiff and was in it at the time of the beginning of the suit. The question raised by this contention and which we are obliged to decide is a vital one.

Where property is sold upon condition that the title is to remain in the seller until the purchase money is paid, the contract is valid at common law. Benjamin on Sales, sec. 318; Tiedeman on Sales, sec. 200; 2 Schouler's Personal Property, secs. 277, 284.

And is enforceable against even a *bona fide* purchaser. *Wangler v. Franklin*, 76 Mo. 659; *Robbins v. Phillips*, 68 Mo. 100; *Parmelee v. Catherwood*, 28 Mo. 480. And so it was declared in the last cited case that, where by express agreement of the parties the title is to remain in the seller until the payment of the price, as was the agreement in the present case, such payment is strictly a condition precedent, and, until performance, the right of property is not vested in the purchaser.

But this rule of the common law has been greatly modified by our statute which provides: "No sale of goods and chattels, where possession is delivered to the vendee, shall be subject to any condition whatever as against creditors of the vendee or subsequent purchasers from such vendee in good faith, unless such condition shall be evidenced by writing, executed and acknowledged by the vendee and recorded as now provided in cases of mortgages of personal property." R. S., sec. 5178. This section has been authoritatively construed to extend alike to prior and subsequent creditors. *Collins v. Wilhoit*, 35 Mo. App. 585; s. c., 108 Mo. 451. And it has been held that a mortgage of personal property which does not comply with the requirement of Revised Statutes, section 5176, is invalid, both as to creditors and purchasers, although they have

actual notice of it. *Bevans v. Bolton*, 31 Mo. 437; *Collins v. Wilhoit*, 108 Mo. *loc. cit.* 458. It is thus seen that while the agreement between plaintiff and Jewett & Company, which provided that the title to the property in question should remain in the former until the purchase money was paid, though in writing, was not acknowledged and recorded as required by the statute. While doubtless valid between the parties thereto it was invalid as to both prior and subsequent creditors of Jewett & Company. As to such creditors it was as if no such contract had been made between Jewett & Company and plaintiff.

This brings us to the consideration of the question whether the defendant stood in the relation of creditor to Jewett & Company. It is not disputed that the Saxton National bank was a *bona fide* creditor of Jewett & Company, both at the time of the sale and delivery to them by plaintiff of the property and the subsequent execution of the instruments to defendant, under which the possession of it was delivered to him by Jewett & Company. It can not be successfully gainsaid that the first instrument executed by Jewett & Company to defendant, would have been a formal and perfect deed of trust, had it contained a defeasance clause. These parties, two days after the execution of this defective instrument, executed a further one wherein they undertook to supply the omission and thus remedy the defect. It unmistakably appears from the evidence adduced by the plaintiff that the defeasance was left out of said instrument by the mistake of the lawyer who wrote the same, and that the amended deed was executed to correct the mistake and to fully express the original intention of the parties to secure the debts therein referred to. A court of equity would have corrected this mistake had its interference been invoked. No right had intervened in respect to the property that

could preclude the parties from amending their first deed so as to made it conform to their intention at the time it was executed. It is now well settled in this state that if an instrument, as it is reduced to writing, fails to express the contract which the parties actually entered into, equity will reform it, and this it will do, though such failure was the result of a mistake in law. *Corrigan v. Tiernay*, 100 Mo. 276; *Griffith v. Townley*, 69 Mo. 13; *Cassidy v. Metcalf*, 66 Mo. 519; *Smith v. Patterson*, 53 Mo. App. 66. We have no doubt, under the evidence, that a court of equity would have reformed the first deed, and that the parties thereto had the right themselves, as they did, to reform it so as to make it conform to, and clearly express, their intention. *Martin v. Nixon*, 92 Mo. 35, 36; *Price v. Reed*, 38 Mo. App. 503; *Young v. Cason*, 43 Mo. 179; 48 Mo. 259; *Bruse v. Nelson*, 35 Iowa, 157; *Geib v. Reynolds*, 35 Minn. 331; *Banes v. Mott*, 64 N. Y. 397; *Stimpson v. Pease*, 53 Iowa, 572; *Wooden v. Haviland*, 18 Conn. 101.

The two instruments taken together constitute, as already intimated, a perfect deed of trust in the nature of a mortgage. It clearly appears from these instruments that Jewett & Company retained their equitable interest in the property therein described. These instruments, when construed together or singly, can not be held to evidence an absolute appropriation of the property to the payment of the debts therein mentioned. The first of them does not fulfill the definition of a deed of trust, unless aided by the amendatory deed, for the reason that it contains no defeasance clause disclosing a retention by Jewett & Company of their equitable interest or right of redemption. But it sufficiently appears from the recitals therein that it was given to secure the payment of the debts to the Saxton National bank, and not all the debts of Jewett & Com-

pany; that the proceeds of the sale of the property were to be applied to the payment of said bank debt, and if, after satisfaction, there remained a surplus it was to be paid over to Jewett & Company; that, if the trustee died before executing the trust, the sheriff act in his stead. These recitals show that it was intended thereby to create a security, though it contained no defeasance clause. In the light of all the surrounding circumstances reflected by the evidence, we must construe the instrument to be a mortgage. *Hargadine v. Henderson,* 97 Mo. 375; *In re Assignment of Zwang,* 39 Mo. App. 356, 369; *Warner v. Littlefield,* 89 Mich. 329; s. c., 50 N. W. Rep. 721; *Gage v. Chesebro,* 49 Wis. 486; *State Bank v. Chapelle,* 40 Mich. 447; *Baker v. Hall,* 13 N. H. 298. And when viewed in connection with the amendatory instruments, it is a deed of trust complete and effective. The defendant is, therefore, in possession of the property, which plaintiff claims under said instrument, and, whether regarded as a mortgage or a deed of trust, the result is the same, since, in either case, said property is held by defendant under it as a security for the payment of the debt of Jewett & Company to the creditor bank.

The attitude of the defendant is that of creditor or the trustee of a creditor having a lien for its debt on the property, and it must needs follow as a legal consequence that the said contract between plaintiff and Jewett & Company, by which the former retained the title to the property, is, as against defendant in his trustee capacity, absolutely invalid.

The title to the property as to the defendant was not in the plaintiff as against defendant at the commencement of the suit, as we have seen, and for that reason the trial court did not err in refusing the plaintiff's instructions which so declared. It results, as a corollary to the foregoing ruling, that the trial court

did not err in declining to instruct the jury for plaintiff, as a matter of law, that under the pleadings and evidence the title to the property in controversy was in plaintiff at the time of bringing of this suit. It further follows, from what has been said, that said instrument, whether viewed by itself or in connection with that correcting it, is not in any legal sense a voluntary deed of assignment for the benefit of all the creditors of Jewett & Company, and therefore the trial court did not err in refusing to so instruct the jury at the instance of the plaintiff.

No error is discovered in the action of the trial court in the giving of the instructions asked by defendant. They are in accord with the principles of law which we think applicable to the case, and so we find no fault with them.

Judgment of the circuit court will be affirmed. All concur.