. KEMPER, HUNDLEY & McDONALD DRY GOODS COMPANY, Respondent, v. GEORGE A. KENNARD GROCER COMPANY *et al.*, Appellants.

### Kansas City Court of Appeals, January 11, 1897.

1. **Assignments**: INTENTION: SECURITY.  No instrument can be construed to work a general assignment under the statute, unless it distinctly appears that the grantor so intended it; and if an instrument standing either alone or read in the light of surrounding circumstances appears to have been given as security, it must be considered as a mortgage.

2. ———: PREFERENCE: COMMON LAW: SECURITY.  The assignment statute does not abridge a debtor's common law right to prefer by sale, mortgage, or pledge of a part or all of his property, one or more of his creditors.

3. ———: TITLE OF PAPER: CONSTRUCTION.  While the title of a paper may be evidence of the intention of the parties in aid of the construction of a doubtful instrument, it can not prevent the operation of the paper expressed in every part of the instrument.

4. ———: EQUITABLE MORTGAGE: CONSTRUCTION.  An instrument set out in the opinion, though wanting in some of the essentials of a chattel mortgage, is considered an equitable mortgage and not a general assignment.

5. ———: AMENDED INSTRUMENT.  Where an instrument fails to effectuate the intention of the parties, it may be amended by a subsequent instrument when the rights of third-parties have not attached under the instrument, and this is the case where a court of equity would have reformed the instrument to conform to the intention of the parties.

*Appeal from the Caldwell Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Johnson, Rusk & Stringfellow* for appellant.

(1)  The deed of November 26, 1895, was construed by the court as a general deed of assignment to

be administered under the statute. Under the evidence and by the law of this state it is not such a deed. *Hargadine v. Henderson*, 97 Mo. 375; *In re Assignment of Zwang*, 39 Mo. App. 356; *Buggy Co. v. Woodson*, 59 Mo. App. 550; *Jaffrey v. Mathews*, 120 Mo. 317; *Hasse v. Distilling Company*, 64 Mo. App. 131. This is also the law in other jurisdictions. *Warner v. Littlefield*, 89 Mich. 329; *Bank v. Chapelle*, 40 Mich. 447; *Gage v. Chesebro*, 49 Wis. 486; *Baker v. Hall*, 13 N. H. 298. It is the law generally that an instrument in the form of an absolute deed will be construed as creating a security if it is so intended. Jones on Mortgages, sec. 162. (2) The first deed failing to express the intention of the grantor and his object in making it, could be corrected by the second. *Martin v. Nixon*, 92 Mo. 35, 36; *Price v. Reed*, 38 Mo. App. 503; *Young v. Cason*, 43 Mo. 179; 48 Mo. 259; *Bruse v. Nelson*, 35 Iowa, 157; *Geib v. Reynolds*, 35 Minn. 331; *Banes v. Mott*, 64 N. Y. 397; *Stimson v. Pease*, 53 Iowa, 572; *Wooden v. Haviland*, 18 Conn. 101; *Buggy Co. v. Woodson, supra*. (3) The mistake in the case at bar was one of fact, to which a court of equity will always grant relief. A court of equity will aid parties who come before it in good faith in effectuating their lawful purposes, and to this end it will reform instruments which fail to express their honest intentions. And this it will do even though the mistake be one of law. *Corrigan v. Tiernay*, 100 Mo. 276; *Griffith v. Townley*, 69 Mo. 13; *Cassidy v. Metcalf*, 66 Mo. 519; *Smith v. Patterson*, 53 Mo. App. 66. An assignee for the benefit of creditors is not a purchaser in good faith, he stands in the shoes of the assignor. *State to use v. Rowse*, 49 Mo. 593; *Peet v. Spencer*, 90 Mo. 388; *Heinrichs v. Woods*, 7 Mo. App. 237; *Green v. Conrad*, 114 Mo. 651. (4) The two deeds when read together leave no doubt but constitute a perfect deed of trust. *Buggy*

*Co. v. Woodson*, 59 Mo. App. 558. (5) Our assignment statutes are not a bankrupt law. *Gummersell v. Hanbloom*, 19 Mo. App. 274; *Jaffrey v. Mathews*, 120 Mo. 327; *Shaply v. Baird*, 26 Mo. 322; *Johnson v. McAllister's Assignee*, 30 Mo. 327; *State to use v. Benoist*, 37 Mo. 500; *Crow v. Beardsley*, 68 Mo. 435; *Hargadine v. Henderson*, 97 Mo. 375; *Larabie v. Bank*, 11 Mo. 592; *Sampson v. Shaw*, 19 Mo. App. 274; *In re Assignment of Zwang*, 39 Mo. App. 356.

*Crosby Johnson* for respondent.

(1) As the deed of November 26 specified no price for the goods thereby conveyed, it was not a bill of sale. *Tutt v. Keiler*, 31 Mo. 301; *Mills v. Williams*, 31 Mo. App. 448, 457; *Rosenthal v. Frank*, 37 Mo. App. 272, 278. (2) Neither is it a mortgage or deed of trust for it discloses no purpose to secure the debts, and reserves no right of redemption. *Hagardine v. Henderson*, 97 Mo. 375; *Smith v. Thurman*, 29 Mo. App. 186, 190, 191; *Zwang's* case, 39 Mo. App. 357. (3) It is a deed of assignment because it devotes the property toward the satisfaction of Clute's debts, without reserving any equitable interest in the property or right to redeem. *Crow v. Beardsley*, 68 Mo. 435, 438; *Becker v. Rardin*, 107 Mo. 111, 119; *Mills v. Williams*, 31 Mo. App. 459. (4) On execution and recording of the deed of November 26 the rights of all Clute's creditors attached, so that he could not alter their rights without their consent. *Keete v. Bank*, 165 Mo. 184. (5) While an instrument may be reformed where it does not express the contract intended to be expressed, here there was no antecedent contract and that deed embodies the very contract designed at the time to be made. *Corrigan v. Tiernay*, 100 Mo. 281; Pomeroy on Equity, sec. 843. (6) Parties can

only rectify a contract when a court of equity might reform it. *Buggy Co. v. Woodson*, 59 Mo. App. 550; Pomeroy on Equity, sec. 843. (7) Courts will not enforce voluntary assignments nor reform them where deliberately entered into with knowledge of all facts. *Price v. Kane*, 112 Mo. 412; *Easley v. Gordon*, 57 Mo. App. 637; *Anderson v. Scott*, 94 Mo. 637; *Brownlee v. Fenwick*, 103 Mo. 420.

SMITH, P. J.—This is a suit in equity, the object of which was to have declared a general assignment a certain written instrument, which is as follows:

"ASSIGNMENT OF GENERAL STOCK OF MERCHANDISE.

"Whereas, I, Jacob Clute, of Mirabile, Missouri, am indebted to George A. Kennard Grocery Company, of St. Joseph, Missouri, certain sums of money, and they are hereby appointed assignee; unto Wm. Souders, of Mirabile, Caldwell county, Missouri, certain sums of money; unto the Kingston Savings Bank, of Kingston, Caldwell county, Missouri, in certain sums of money; and unto James A. Tait, Polo, Caldwell county, certain sums of money; and unto Ford & Darby, Cameron, Missouri, certain sums of money. Now, know all men by these presents that I, the said Jacob Clute, for and toward the payment and satisfaction of the said moneys and for divers other good causes and considerations me thereto moving, have granted, assigned, bargained, and sold, and by these presents do freely and absolutely grant, assign, bargain, and sell unto the above named parties, all of and all manner of goods in my business of general merchandise in Mirabile, Caldwell county, Missouri; said general stock of merchandise intended to be affected by these presents are located in the building rented by me of and owned by A. W. Moffitt, of Mirabile, Caldwell county, Missouri,

to have and to hold them the same and every part and parcel thereof unto the said above named creditors, their executors, successors, administrators, and assigns.

"In testimony whereof, I have hereunto set my hand and seal this twenty-sixth day of November, A. D. 1895.            JACOB CLUTE.         [SEAL]"

This instrument was duly recorded and then sent to the defendant, George A. Kennard Grocery Company, who thereupon took possession of the stock of merchandise and made an invoice of the same. Ten days thereafter, the said Clute, the grantor, by a certain deed of trust conveyed to one Morris, as trustee, the said stock of merchandise, for the expressed purpose of securing the indebtedness of the said Clute to the same parties named in the said instrument hereinbefore set forth; and which deed of trust, *inter alia*, recited that, "on November 26, 1895, the first party herein made a conveyance to said third parties conveying to them the stock of goods herein described, but said conveyance failed to clearly and accurately set forth the intention of the parties thereto and this deed of trust is made for the purpose of accurately and clearly expressing the intention of the parties to said other conveyance and to reform the same and to convey said personal property for the security of said debts as herein expressed."

It sufficiently appears from the record that the grantees in the first of said instruments turned over the possession of said stock of merchandise to Morris, the trustee named in the second, who was in possession at the time of the commencement of this suit.

The plaintiff contends that the first of said instruments is an assignment under the statute, section 424. This contention we can not sustain.

It is now the well established law of this state that no instrument can be construed to work a general

assignment under the statute, unless it distinctly appears that the grantor intended it should so operate. And it is an equally well established rule of law, that if, from the nature of the instrument, either standing alone or when read in the light of the surrounding circumstances, it appears to have been given as a security, it must be considered as a mortgage and the law will apply thereto the rules applicable to mortgages. *Hargadine v. Henderson*, 97 Mo. 375; *Jaffrey v. Mathews*, 120 Mo. 317; *Buggy Co. v. Woodson*, 59 Mo. App. 550.

*[margin: Assignments: intention: security.]*

It has also been repeatedly ruled by the appellate courts of this state that the statute was not intended to abolish or abridge a debtor's common law right, whether solvent or insolvent, in good faith to sell, deliver in payment, mortgage, or pledge the whole or any part of his property, for the benefit of one or more of his creditors. And it is immaterial whether this object is accomplished by a direct transfer to a trustee for the creditor, and equally immaterial whether the conveyance is in the nature of a mortgage, or in the nature of an absolute appropriation of the debtor's property for the benefit of specified creditors. *Hargadine v. Henderson, supra; Jaffrey v. Mathews*, 120 Mo. 317; *Haas v. Dist. Co.*, 64 Mo. App. 131.

*[margin: ——: preference: common law: security.]*

Now, it will be observed that said instrument recites that the said Clute is indebted to the creditors therein named in certain sums of money and that "for and toward the payment and satisfaction of said moneys," he grants, bargains, sells, and assigns to them said stock of merchandise. There is no defeasance clause in the said instrument.

The circumstances surrounding the execution of the instrument, as disclosed by the evidence, clearly show that Clute intended thereby to create a security,

and that such was the understanding of all the parties thereto.   Besides this, it appears from the testimony of Clute, that the five creditors named in the instrument had always favored him, and his object in making the said instrument was to give them the preference.   He further testified that he thought when he delivered the said instrument to the said George A. Kennard Grocery Company, that he had thereby secured to them a preference.   The recital of the names of the five creditors to whom the conveyance was made negatives the idea that Clute, by the making of the same, intended to convey his property for the benefit of all his creditors.

It is true that at the top of the page on which said instrument was written were the words "Assignment of General Stock of Merchandise," but such a designation of the instrument by the unlearned and unskillful draughtsman who wrote the same could no more make it such than if he had designated it a bill of sale or a warranty deed.   *Mills v. Williams*, 31 Mo. App. 447. And in this last cited case, it is said that while these words evidence the intention of the parties and aid in the construction of a doubtful instrument, they could not prevent the operation of the expressed terms of the instrument received in every part.

——: title of paper: construction.

The said instrument does not fulfill the definition of a bill of sale, nor can it be classified as a legal mortgage, since it contains no defeasance clause.   But when read in the light of the surrounding circumstances we can not resist the conclusion that it was intended as a security for the debts therein specified. Though it is wanting, as has been seen, in some of the essentials of a formal chattel mortgage, we think from its recitals, together with the facts surrounding its execution, that equity

——: equitable mortgage: construction.

will imply that it was intended thereby to create a security and that therefore it must be considered an equitable mortgage and not a general assignment.

If the first of said instruments was intended by the grantor to be a deed of trust, and through the mistake or misunderstanding of the draughtsman it was not so written as to correctly express the grantor's intention, and the same was delivered and accepted by the grantees, and the property affected thereby was turned over to the latter as the trustee, no reason is perceived why the amendatory instrument is not valid and effectual. Whether the first instrument correctly expressed the intention of the grantor or not, or whether or not it was his intention to execute a deed of trust instead of said instrument in the nature of an equitable mortgage, is immaterial, since there was nothing in the circumstances of the parties, or the law, which forbade the execution and acceptance of the amendatory deed. The first instrument being a mere security for the benefit of certain parties, it was competent for the grantor and grantees therein, in the absence of fraud, of which there is no pretense, to amend or change the nature of such instrument by amendment without interference with the rights of the other creditors, who acquired no rights under said first instrument. If the first instrument, as it was reduced to writing, failed to express the contract of the parties actually entered into, equity would have reformed it, though such failure was the result of a mistake of law. *Corrigan v. Tiernay*, 100 Mo. 276; *Griffith v. Townly*, 69 Mo. 13; *Smith v. Patterson*, 53 Mo. App. 66. And we have no doubt under the evidence that a court of equity would have reformed the first of said instruments and that the parties thereto had the right themselves, as they did, to reform it, so as to make it conform to and clearly express their

——: amended instrument.

intention.  *Buggy Co. v. Woodson,* ·53 Mo. App. 554; *Price v. Reed,* 38 Mo. App. 503; *Young v. Cason,* 43 Mo. 179; *Young v. Cason,* 48 Mo. 259; *Martin v. Nixon,.* 92 Mo. 35.

Nor is there anything shown in the circumstances of the grantor that in the least impaired his common law right to prefer, as he did, his creditors.

There appears to be nothing in the several transactions between the grantor and his creditors so receiving a preference that would justify any interference by a court of equity.  The two instruments, when read together and in the light of all the evidence, must be considered as a valid deed of trust, securing to the grantees a preference which the grantor had the legal right to make.  It results that the decree of the circuit court, which was for the plaintiff, must be reversed, which is accordingly so ordered.  All concur.