THE H. B. CLAFLIN COMPANY et al., Plaintiffs in Error, v. GEORGE W. LUBKE, Jr., Trustee, et al.

**Division Two, May 21, 1901.**

**Actions:** ASSIGNMENT FOR BENEFIT OF CREDITORS: TRUST DEED: PREFERENCE. A conveyance by an insolvent debtor of all his property in trust to convert the same into money, and pay—first, all expenses of the trust; second, all claims for wages or labor; third, certain specified creditors in full, in the order in which their names appear in a schedule attached; and, fourth, another list of creditors pro rata, the balance, if any, to be returned to the grantor—is a deed of trust giving preference, and not a general assignment, for the benefit of creditors; hence, an action to require the trustee to whom such conveyance is made to proceed thereunder in accordance with the assignment laws of the State will not lie.

Error to St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

AFFIRMED.

*Nathan Frank* and *D. W. Voyles* for plaintiffs in error.

The instrument before the court is a voluntary assignment, as contemplated in section 323, Revised Statutes 1889, relating to voluntary assignments. (1) It fully complies in its palpable intent and real effect with the meaning of the term "voluntary assignment," as denoted by the tenor of that section, and with the meaning of the term in law and in common usage. "Assignment," Bouvier's Law Dict.; "Assignment," Anderson's Dict. of Law; White v. Cotzhausen, 129 U. S. 344; Burrill on Assignments (6 Ed.), sec. 2, p. 3; Tompkins v. Wheeler, 16 Peters, 106. (2) It is not, in fact, a security for the payment of debts, but an absolute appropriation of the debtor's entire property to their immediate payment, according to the order of preference indicated in the conveyance, and to the extent that the assets will allow. Under the circumstances, then, the debtor being greatly insolvent, the conveyance works as complete a voluntary assignment as it is possible for a man to make. Preston v. Spaulding, 120 Ill. 208; White v. Cotzhausen, 129 U. S. 329; Berry v. Cutts, 42 Me. 445; Lucas v. Railroad, 32. Pa. St. 464; Wallace v. Wainwright, 87 Pa. St. 266; Conely v. Collin, 78 N. W. 555; Fallow's Appeal, 42 Pa. St. 235; Holt v. Boncroft, 30 Ala. 193; Perry v. Holden, 22 Pick. 269; Massey v. Noyes, 26 Vt. 471; VanHorn v. Smith, 59 Iowa, 142; United States v. Bank, 8 Rob. (La.) 302; McCart v. Maddox, 68 Tex. 456; City National Bank v. Bank, 87 Tex. 295. (3) This provision in the conveyance indicates the nature of the instrument —providing for the payment of "any other demands owing by the parties of the first part which may have been inadvertently omitted therefrom." No mortgage which would omit the names of the mortgagees or amount of the debt would be considered by any court as a valid instrument. (4) The instrument in question is a voluntary assignment, and the provision preferring one creditor over another in the instrument is void,

or that provision of the statute is meaningless.    Manny v. Logan, 27 Mo. 528; Milling Co. v. Commission Co., 128 Mo. 490; Callihan v. Powers, 133 Mo. 499; Box v. Goodbar, 54 Ark. 6; Lucas v. Railroad, 32 Pa. St. 464; Wallace v. Wainwright, 87 Pa. St. 266.

*Seneca N. Taylor, Chas. Erd* and *Seneca C. Taylor* for defendant in error, Continental National Bank.

(1)    No instrument can be construed to work a general assignment under the statute unless it distinctly appears that the grantor so intended it.    If the instrument, construed in the light of the surrounding circumstances, appears to have been given as a mortgage it must be considered as a mortgage; and where a deed of conveyance in trust is made to a trustee to pay certain described debts from the proceeds of property conveyed and repay the grantor any surplus, the deed will be treated as a security and not as a voluntary assignment.    Mfg. Co. v. Woodson, 130 Mo. 119; Jaffrey v. Mathews, 120 Mo. 317; Hargadine v. Henderson, 97 Mo. 375; Crow v. Bardsley, 68 Mo. 435; Dry Goods Co. v. Grocery Co., 68 Mo. App. 290; Buggy Co. v. Woodson, 59 Mo. App. 550.    (2)    It is the settled law in this State, enforced by repeated rulings, that the statute of assignment was not intended to abolish or abridge a debtor's common-law right, whether solvent or insolvent, in good faith, to mortgage or pledge the whole or any part of his property for the benefit of one or more of his creditors; and this object may be accomplished by a transfer to a trustee for the creditors or by conveyance in the nature of a mortgage, as in the case at bar.    Jaffrey v. Mathews, 120 Mo. 317; Hargadine v. Henderson, 97 Mo. 375; Dry Goods Co. v. Grocery Co., 68 Mo. App. 294; Haas v. Distilling Co., 64 Mo. App. 131.    (3)    A chattel deed of trust given to secure the indi-

vidual debts of several persons is regarded in law as several mortgages, and if invalid as to one or more of the debts for any cause, it may still be valid as to the others.   Kingman & Co. v. Buggy Co., 150 Mo. 282; Woodson v. Carson, 135 Mo. 521; Kuh v. Carvin, 125 Mo. 547; Burnett v. Marshall, 22 Pick. 556; Teft v. Stern, 73 Fed. Rep. 594; Cobby on Chattel Mortgages, secs. 450, 416, 418; Jones on Chattel Mortgages (3 Ed.), secs. 336, 351.   (4)   Such a mortgage is distinguishable from one that secures a single indebtedness, of which part thereof is fraudulent.   In such case the entire mortgage is void.   Woodson v. Carson, 135 Mo. 521; Boland v. Ross, 120 Mo. 219; State ex rel. v. Hope, 102 Mo. 428.   (5)   There is, perhaps, no principle of law better settled in this State than that a debtor, though in failing circumstances, may prefer one of his creditors over another, and may secure such preferred creditors to the exclusion of all others, provided, only, that he does so in good faith.   Calihan v. Powers, 133 Mo. 497; Milling Co. v. Commission Co., 128 Mo. 488; Hard v. Foster, 98 Mo. 297; Hargadine v. Henderson, 97 Mo. 375; Dougherty v. Cooper, 77 Mo. 528; Murray v. Cason, 15 Mo. 378; Seller v. Bailey, 29 Mo. App. 174; Sampson v. Shaw, 19 Mo. App. 27; Bank v. Bank, 136 U. S. 223.

*Lubke & Muench* and *Lyon & Swarts* for defendants in error, Lubke and Acruman.

(1)   The statute does not and was not intended, to any further extent, to abolish or abridge the debtor's common-law right, "whether solvent or insolvent, in good faith to sell, deliver in payment, mortgage or pledge the whole or any part of his property for the benefit of one or more of his creditors. This construction of the statute has been uniformly recognized and maintained by the courts of this State from the beginning."

Crow v. Beardsley, 68 Mo. 435; Hargadine v. Henderson, 97 Mo. 375; Becker v. Rardin, 107 Mo. 111; Jaffrey v. Matthews, 120 Mo. 317; Mfg. Co. v. Woodson, 130 Mo. 119; Callihan v. Powers, 133 Mo. 481; Kingman & Co. v. Cornell-Tebbetts M. & B. Co., 150 Mo. 282; In re Zwang, 39 Mo. App. 369; Haase v. Distilling Co., 64 Mo. App. 135; Dry Goods Co. v. Grocer Co., 68 Mo. App. 290; Bank v. Bank, 136 U. S. 223. (2) Acruman "in consideration of the debts (some not yet due) and trusts hereinafter mentioned and created and the sum of $1.00," and being "desirous of securing the payment of aforesaid debts and obligations" executed the conveyance which, in its defeasance clause and every other respect, follows in terms instruments passed upon by this court in the cases cited under point 1. The instrument is a chattel deed of trust in the nature of a mortgage, which differs from an assignment in this, that in the former the grantor still has an "equitable interest in the assigned property," whereas, the latter is an "absolute appropriation," an indefeasible conveyance of the grantor's property to his debts. Burrill on Assignments, secs. 6 and 8, and cases cited, supra. (3) A chattel deed of trust, in the nature of a mortgage securing separate, independent debts, will be "treated as if separate mortgages had been made in favor of each creditor." Kingman & Co. v. Cornell-Tebbetts M. & B. Co., 150 Mo. 282.

SHERWOOD, P. J.—The petition and demurrer thereto will accompany this opinion.

The amended petition, omitting caption, formal parts and the list of creditors under schedule B, is as follows:

"And for cause of action plaintiffs state:

"They are creditors of the said defendant, Albert Acruman; that is to say, said Albert Acruman is indebted to all of said plaintiffs for merchandise bought from them by said Al-

bert Acruman between the first day of January, 1897, and the twenty-first day of July, 1897, as follows, to-wit:

The defendant, Albert Acruman, is indebted to the

| | |
|---|---:|
| H. B. Claflin Company in the sum of.........$ | 553.36 |
| Watson, Porter, Giles & Co., in the sum of......... | 936.25 |
| Standard Summer Neckwear Co., in the sum of.... | 205.30 |
| John P. Logan, in the sum of ............... | 369.25 |
| Excelsior Shirt Co., in the sum of ............. | 190.50 |
| Herman Scheuer, in the sum of................ | 81.30 |
| American Lead Pencil Co., in the sum of ........ | 266.25 |
| Stein Bros., in the sum of ................... | 309.78 |
| American Stamping Co., in the sum of.......... | 1,114.25 |
| Wm. Meyer & Co., in the sum of ............. | 249.50 |
| Langsdorf & Co., in the sum of ................ | 88.36 |
| Curren & Steiner, in the sum of ............... | 296.14 |
| Strauss, Sachs & Co., in the sum of ........... | 542.40 |
| Boyd, Sutton & Co., in the sum of ............. | 550.81 |
| Butler Hard Rubber Co., in the sum of.......... | 585.31 |
| H. Richters's Sons, in the sum of.............. | 174.46 |
| James Thompson & Co., in the sum of........... | 203.01 |
| D. E. Sicher & Co., in the sum of ........... | 237.25 |
| Julius Becker & Co., in the sum of ........... | 396.00 |

"That on the twenty-first day of July, 1897, the said Albert Acruman made, executed and delivered to the defendant, George W. Lubke, Jr., a certain conveyance, in words and figures, as follows:

"This conveyance in trust made and entered into this twenty-first day of July, 1897, by and between Albert Acruman, of the city of St. Louis, State of Missouri, party of the first part, and George W. Lubke, Jr., of the city of St. Louis, Missouri, party of the second part. '

"Witnesseth: That the said party of the first part, in consideration of the debts and trusts hereinafter mentioned and

created, and of the sum of one dollar to him in hand paid by said party of the second part, the receipt whereof is hereby acknowledged, does grant, sell, convey, confirm, transfer and set over unto him, said party of the second part, first, all and singular, the stock of department-store goods now belonging to and in the possession of the party of the first part at the premises No. 616 North Seventh street, in the city of St. Louis, State of Missouri, and consisting of dry goods, hosiery, notions, ladies' and gentlemen's furnishing goods, tinware, glassware, toys, novelties and house-furnishing goods, it being intended to hereby convey all of the stock in trade of every character, kind and description to the party of the first part belonging, situated in the premises aforesaid and elsewhere; next, all the fixtures, furniture, office effects, bills receivable, open accounts, and choses in action of every kind to the said party of the first part belonging, or to which he may be in any manner entitled, including herein also the books of account of the party of the first part; and lastly, every other asset to said party of the first part belonging, or to which he may in any wise be entitled, and wheresoever the same may be situated, except such property as is exempt to the party of the first part under the homestead and exemption laws.

"To have and to hold the same unto the said party of the second part and unto his successor in this trust, if any, and to the heirs and assigns of said party of the second part and his successors forever. In trust, however, for the following purposes, to-wit: Whereas, the party of the first part is justly indebted to divers and sundry persons and corporations upon notes, accounts and other obligations, as will appear more fully in the schedules hereto attached and marked respectively 'Exhibits A and B,' and made parts of this deed, with like effect as if the said several schedules had been set out in the body of this instrument, and whereas, the party of the first part is de-

sirous of securing the payment of the aforesaid debts and obligations;

"Now, therefore, power is hereby given to said party of the second part to take immediate possession of all the property aforesaid, to use and control and sell the same in the usual and ordinary manner, with a reasonable discount for cash, to pay out of the proceeds of said sales any and all rentals, insurance, advertising, wages and other expenses of conducting said sale and expenses connected with said trust, including an attorney's fee of twenty-five dollars for drafting the deed of trust, and to pay the net proceeds thereof from time to time, at least weekly, as hereinbefore provided, to the persons and parties creditors of the party of the first part, named in the schedule A hereto attached, and the obligations to them respectively as there shown, in the numerical order in which said creditors and the obligations to them are named upon said schedule, beginning with number one at the top of the schedule, and satisfying each one of the creditors the amounts respectively set opposite their names on said schedule in said numerical order, until all the demands set forth upon said schedule A are satisfied, and next to the persons and demands named in the schedule B hereto attached, and any other demands owing by the party of the first part which may have been inadvertently omitted therefrom, paying each one of them pro rata, with all the others in accordance with the amounts due them, respectively, until all said debts last named shall have been paid. And if, at the expiration of sixty days from and after this day, the said demands shall not have been fully paid, either by means of sales by said party of the second part, or by and through the party of the first part himself, then the said party of the second part may and shall, at the request of said beneficiaries above named, or any one of them, sell all the remaining stock in trade, fixtures and other property herein

sold and conveyed to him and by him held as trustee at public vendue, for cash, at such places in the city of St. Louis, Missouri, as may be designated therefor by said party of the second part, first giving at least five days public notice of the time, terms and places of sale in the St. Louis Daily Record, or any other newspaper in the city of St. Louis that may be selected by said trustee, and at such sale said party of the second part, or trustee acting hereunder, shall sell sufficient of said remaining property, effects, stock in trade and fixtures to fully discharge all the remaining demands aforesaid of said beneficiaries in the order specified above, as well as also all costs and expenses connected with the execution of this trust, including a reasonable compensation to said party of the second part, or the trustee acting hereunder, for his services in executing said trust, and after so discharging all costs, expenses and demands aforesaid, the residue of the property to said trustee hereby conveyed, if any, shall be returned to said party of the first part, or his assigns, as shall also be returned to him the residue of the property in the hands of said party of the second part, if at any time hereafter said party of the first part shall himself discharge the indebtedness aforesaid due to said several beneficiaries.

"Provided, however, that if at the time of the execution and delivery of this instrument there are unpaid any debts of the party of the first part for wages or labor, then it shall be the duty of the party of the second part, or his successors in this trust, to satisfy in full all said wages and labor claims before making any payment to any one of the other creditors of said party of the first part hereinbefore mentioned or referred to; and said party of the second part covenants to faithfully discharge the trusts hereby imposed on him, not being liable, however, for any mischance or honest error of judgment.

"In testimony whereof, said party of the first part has

hereunto set his hand and affixed his seal, in the city of St. Louis, Missouri, the day and year first herein written.

"ALBERT ACRUMAN.   [Seal]

"Witness:

"GEO. W. LUBKE.

"J. A. ABERNATHY."


"SCHEDULE A.


"I.   Continental National Bank of St. Louis:

"(a)   Sundry notes given me by the makers for my accommodation and discounted for me, and proceeds received by me from said Continental National Bank, as follows:

Note of G. L. Lochridge, due September 10, 1897..$369.12

Note of Gray & Sons, due August 8, 1897.......... 297.81

Note of G. L. Lochridge, due August 8, 1897...... 300.00

Note of G. L. Lochridge, due August 23, 1897...... 300.00

Note of G. L. Lochridge, due September 25, 1897.. 400.00

Note of G. L. Lochridge, due September 1, 1897.... 397.18

Note of Gray & Sons, due October 3, 1897 ........ 304.82

Note of G. L. Lochridge, due October 29, 1897...... 427.18

"(b)   Also, any overdraft of my deposit account with said Continental National Bank, which may occur from drafts or checks deposited by me, being returned unpaid, or notes discounted due me not being paid by the maker, not exceeding $6,000.00.

2. Rice, Stix & Co., open account ............$1,000.00

3. Citizens Bank, Pine Bluff, Ark., note........   500.00

4. A. Semple Ames, rent ...................   125.00

5. Samuel Cupples Woodenware Co., account....   450.00

6. C. A. Darling, wages ...................    33.33

7. E. A. Acruman, Fordyce, Ark., note........ 8,984.00

Vol 162 mo—42

```
 8. L. C. Acruman, Paris, Texas, account........  7,962.92
 9. J. A. Abernathy, note and account..........    857.18
10. L. Adams, open account ..................    332.39
11. C. C. Morscheimer, notes ................  3,000.00
12. Noble Morsheimer, notes ...... ..........    891.73
13. G. L. Lochridge, notes ..................    975.00
14. G. L. Lochridge, notes ..................  3,392.00
15. A. Geisel Mfg. Co., open account ..........     93.36
16. Matthas, Ingram & Co., open account........    219.02
17. Holyoke Envelope Co., note ..............    231.57
18. Columbia Gray Iron Co., open account ......     77.69
```
End of Schedule A.

"SCHEDULE B.    PAGE 1.

"That said property was all the property of said defendant, Albert Acruman, and was of the value of between $20,000 and $30,000.

"That said Albert Acruman, at the time of making said conveyance, was indebted to his creditors in the sum of $60,000.

"That the said George W. Lubke, Jr., is proceeding under the terms of said instrument to sell said property and distribute the proceeds in accordance with the provisions of said instrument, contrary to law, and contrary to the provisions of the statute concerning 'Voluntary Assignments.'

"Plaintiffs state that said conveyance is a deed of assignment under the laws of the State of Missouri, and that the assets conveyed by said instrument should be distributed pro rata among all the creditors, and that the provisions in said instrument providing for the payment of one debt or liability in preference to another is void:

"Plaintiffs further state that the said George W. Lubke, Jr., trustee of said instrument, has filed no bond as assignee.

H. B. Claflin Co. v. Lubke.

"Wherefore, your petitioners pray that an order be made on said George W. Lubke, Jr., to file a bond as assignee of said Albert Acruman, and that, on his failure to do so, he be removed and that an assignee be appointed in his stead, and that said George W. Lubke, Jr., as such assignee, or his successor so appointed by the court, be directed to proceed to administer the estate as assignee, under the provisions of the laws of Missouri concerning 'Voluntary Assignments.' "

To this amended petition the respondents filed a demurrer, which, omitting caption, is as follows:

"And now at this day come the defendants in the above entitled cause, and demur to the plaintiff's petition therein, and for ground of demurrer defendants assign that said petition does not state facts sufficient to entitle plaintiffs to recover; and that no facts are therein stated upon which plaintiffs can predicate the legal conclusion that the conveyance in question 'is a deed of assignment under the laws of the State of Missouri,' or the legal conclusion 'that the provision in said instrument providing for the payment of one debt or liability in preference to another is void.' "

The court below adjudged the petition insufficient in law, and plaintiffs declining to plead further, judgment went on the demurrer, and plaintiffs brought error.

The authorities cited by defendants in error show that the litigated instrument is a deed of trust giving preference, and not a general assignment for the benefit of creditors. Therefore, judgment affirmed.

All concur.