In re Assignment of A. E. HOWARD; N. J. DEMA-
REE, Appellant.

**Kansas City Court of Appeals, January 27, 1908.**

ASSIGNMENT: Trust Deed: Construction: Rule: Intention: Se-
curity.   No instrument can be construed to work an assign-
ment unless it distinctly appears it was so intended or if it ap-
pear from the instrument or surrounding circumstances that
it was given as a security; and a deed of trust set out in the
opinion indicates upon its face as well as the surrounding facts
that it was intended to secure the payment of the debts men-
tioned and was not an appropriation of the property to their
payment.

Appeal from Gentry Circuit Court.—*Hon. William C.
Ellison*, Judge.

REVERSED AND REMANDED, (*with directions*).

*James F. Wood* and *J. W. Peery* for appellant.

This instrument shows upon its face that it is given
as a security for the debts therein mentioned.   When the
parol evidence of the circumstances under which it was
executed is considered it is clear that it was intended as
a security for a debt, and is not, and cannot be held to
be an assignment under the statute.   Crow v. Beardsley,
68 Mo. 435; Hargadine v. Henderson, 97 Mo. 375; In re
Zwang, 39 Mo. App. 356; Buggy Co. v. Woodson, 59 Mo.
App. 550; Haase v. Distilling Co., 64 Mo. App. 131; Dry
Goods Co. v. Grocer Co., 68 Mo. App. 290; Jaffrey v.
Matthews, 120 Mo. 317; Mfg. Co. v. Woodson, 130 Mo.
119; Brookshire v. Ins. Co., 91 Mo. App. 605; Section v.
Anderson, 95 Mo. 373; Calihan v. Powers, 133 Mo. 481;
Claflin v. Lubke, 162 Mo. 648; Bank v. Bank, 136 U. S.
223.

*Showen, Robertson* and *Aleshire* for respondent.

The question of the proper construction of so-called
mortgages or deeds of trust has been before the courts

often, but it is difficult to find two cases of the exact character to construe, hence every instrument of this kind must stand upon its own wording. The general principle laid down in all the cases which we will cite, and, in fact in those cited by the appellant, is that if it is given strictly to secure the payment of the debts designated, then it may be considered as a mortgage, but where upon its face it is an unconditional transfer of the property, and the maker is insolvent, then it must be treated as an assignment for the benefit of all the creditors. We cite the following cases upon this question: Mills v. Williams, 31 Mo. App. 447; Bascom v. Rainwater, 30 Mo. App. 483; Crow v. Beardsley, 68 Mo. 435; Calihan v. Powers, 133 Mo. 487.

JOHNSON, J.—On the application of certain creditors of A. E. Howard, the circuit court issued a citation under the provisions of section 350, Revised Statutes 1899, to require the alleged assignee in a deed of assignment for the benefit of creditors, executed by Howard to file an inventory and give bond or be dismissed from the trust. In his answer to the citation, the defendant (appellant here) interposed the defense that "the instrument of writing under which he is proceeding as trustee is a deed of trust in the nature of a mortgage given for the purpose of securing the payment of certain debts therein mentioned and is not a voluntary deed of assignment as contemplated by chapter 2, of the Revised Statutes of Missouri." At the trial, the deed, asserted by the petitioners to be a deed of assignment for the benefit of creditors and by the defendant to be a deed of trust in the nature of a chattel mortgage, was introduced in evidence and is as follows:

## "DEED OF TRUST.

"This deed, made and entered into this 20th day of September, 1906, by and between A. E. Howard of the county of Gentry, State of Missouri, party of the first

part, N. J. Demaree, hereinafter called trustee, of the county of Gentry, State of Missouri, party of the second part, and, Adams & Sons Grocer Company of Chillicothe, Missouri, Sohn, Ricker & Weisenhorn of Quincy, Illinois, and, Western Match Company of Lincoln, Nebraska, parties of the third part:

"*Witnesseth,* That the said party of the first part, in consideration of the debts and trust hereinafter mentioned and created, and the sum of one dollar to her paid by the said party of the second part, the receipt of which is hereby acknowledged, do by these presents, grant, bargain, and sell, convey and confirm, unto the said party of the second part, the following-described property situate and being in the brick building and the additions thereto located on Lot four (4) of Block five (5) in the city of Stanberry, in the county of Gentry, and State of Missouri, to-wit:

"All and singular, the stock of merchandise, consisting of groceries, hardware, queensware, chinaware, glassware, woodenware, dry goods, notions, boots and shoes, hats and caps, confectioneries, candies, tinware, and all goods, wares, chattels, merchandise and effects belonging to and used in connection with the said stock of merchandise, all claims, demands and bills receivable, including books of accounts and other evidences of indebtedness, together with all collateral thereto belonging or pertaining; and, all furniture, fixtures, tools, vehicles, instruments and appliances belonging to or used in connection with said stock of merchandise; and every article, thing and material belonging to said stock.

"*To have and to hold the same,* unto the said party of the second part, his heirs and assigns, in trust nevertheless, for the use and purposes following:

"*First,* To take possession of said property, which possession is hereby and now delivered, and to sell and dispose of the same at public or private sale, with all reasonable diligence, and to convert the same into mon-

ey; also to collect all claims, demands and bills receivable hereby assigned, or to settle, compromise and compound the same, or to sell and dispose thereof, and with, and out of the proceeds of such sales and collections, to pay and discharge all of the just and reasonable expenses, costs and charges of executing and carrying into effect the trust hereby created, including reasonable compensation to the party of the second part for his services in executing the same; to pay and discharge in full, if the residue of such proceeds be sufficient, all of the debts and liabilities due or owing by the party of the first part, including interest thereon to said third parties, it being understood and agreed by the party of the first part and the parties of the third part that the amounts severally due to said third parties by said first party is as follows: To Adams & Sons Grocer Company, the sum of seven hundred six and 46.100 dollars; to Sohn, Ricker & Weisenhorn, the sum of fifty-six and 21.100 dollars; and, Western Match Company, the sum of eleven dollars, which said several items of indebtedness are further evidenced by three promissory notes given on this date by said first party of even date herewith, and each of which said notes is due one day after the date hereof. And if the residue of said proceeds shall not be sufficient to pay said debts and liabilities and interest in full, then to apply the same so far as they will extend *pro rata* to the payment of said debts and liabilities and interests, and if, after payment as aforesaid, there shall be any surplus, to repay such surplus to party of the first part, their executors, administrators or assigns.

"Provided, however, that the party of the second part may, if he shall deem it best in order to release and convert the property hereby conveyed, continue for such time as he shall deem advantageous the business of the party of the first part, and in such event may use the proceeds of sale or any part thereof to renew and assort the stock of merchandise hereby conveyed.

"*In Testimony Whereof,* The said party of the first part has hereunto set her hand and seal the day and the year first above written.

[Seal]    "A. E. HOWARD."

This deed, duly acknowledged, was filed for record in the office of the recorder of deeds of Gentry county on September 28, 1906.    Oral evidence was heard by the court over the objection of the petitioners from which it appears that the value of the stock of merchandise, book accounts and fixtures conveyed did not exceed the amount of the demands held by the creditors mentioned in the deed, as parties of the third part; that Miss Howard, the grantor, had no other property and was indebted to some fifteen other wholesale concerns in sums aggregating about $600; that sometime before the execution of the deed, the last-mentioned creditors had placed their claims with an attorney for collection who had made vigorous and very irritating efforts to enforce their payment; that the creditors named in the deed had been lenient in their treatment of Miss Howard and, for that reason, it was her purpose and intention in the execution of the deed to prefer them over the creditors who had crowded her and that the instrument in question was intended to secure the payment of the debts therein described and not as the absolute appropriation of the grantor's property to the payment of her debts.    Further, it was shown that defendant took possession of the property conveyed immediately after the delivery of the deed and was proceeding to execute the trust, not as the assignee for the benefit of creditors, but as trustee under a deed in the nature of a mortgage.

The learned trial judge held the instrument to be a general deed of assignment and defendant appealed.

A well-recognized test often applied by courts in solving the question whether a given instrument should be classed as a deed of trust in the nature of a chattel

mortgage or as a voluntary assignment for the benefit of creditors is this: The former is a conveyance in trust for the purpose of securing the payment of indebtedness, subject to a condition of defeasance, while an assignment is more than a security for the payment of debts; it is an absolute appropriation of property to their payment, without reserving to the assignor any equity of redemption. But in the latest decisions in this State, it will be found that this rule of distinction has been very materially modified. As we observed in the case of Dry Goods Company v. Grocer Company, 68 Mo. App. 290: "It is now a well-settled rule in this State that no instrument can be construed to work a general assignment under the statute unless it distinctly appears that the grantor intended it should so operate, and it is an equally well established rule of law that if from the nature of an instrument when standing alone, or when read in the light of surrounding circumstances, it appears to have been given as security, it must be considered as a mortgage and the law will apply thereto the rules applicable to mortgages." In that case, the intention of the grantor at the time of the execution of the conveyance as evidenced by the terms of the deed, considered in connection with the surrounding circumstances was made the real test by which the character of the deed was determined. And though the deed, on its face was called an assignment, contained no defeasance clause, and recited that it was executed "for and toward the payment and satisfaction of the said moneys," we held it to be a deed of trust in the nature of a mortgage, because of facts adduced by oral testimony which evidenced an intention in the grantor to give the creditors named in the instrument a preference over others not mentioned. The facts we deemed material to this construction thus are stated: "It appears from the testimony of Clute that the five creditors

128 App.—29

named in the instrument had always favored him, and his object in making the said instrument was to give them the preference.    He further testified that he thought when he delivered the said instrument to the said George A. Kennard Grocer Company that he had thereby secured to them a preference.    The recital of the names of the five creditors to whom the conveyance was made negatives the idea that Clute, by the making of the same, intended to convey his property for the benefit of all his creditors."

In the present case, we have not only extrinsic facts very similar to those described in the case reviewed, but we find in the deed recitals and conditions which cannot be reconciled to the contention that a general assignment was intended.    The instrument bears the title "Deed of Trust" and the party of the second part is called trustee.    This fact alone would not control its classification, but it is a circumstance evidential of intention and as such should be considered with other facts and circumstances.    Further, it was provided that the debts secured should be evidenced by promissory notes executed contemporaneously with the deed of trust and due one day after their date.    This extension of time, though short, manifestly was designed to provide a new consideration for the execution of the deed.    A provision for an extension of time is wholly foreign to the purposes of a general assignment for the benefit of creditors, and the fact that it was inserted is evidence of an intention to secure the payment of the debts mentioned, rather than absolutely to appropriate property to their payment.    It cannot be denied that the grantor, in effect, reserved to herself the right to redeem during the period covered by the extension.    Lastly, the provision authorizing the trustee to continue the business under certain conditions and in such event to use the proceeds of sales or any part thereof to renew and assort the stock of merchandise would be nugatory should

the deed be construed as a general assignment. In giving effect to all of the terms and recitals of the deed, as should be done, it is quite clear that the grantor intended to prefer the creditors named as parties of the third part and to secure their debts, instead of making an unconditional application of the property conveyed to pay them. This conclusion is abundantly sustained by the decisions of the courts of last resort in this State. [Crow v. Beardsley, 68 Mo. 435; Hargadine v. Henderson, 97 Mo. 375; In re Zwang, 39 Mo. App. 356; Buggy Co. v. Woodson, 59 Mo. App. 550; Haase v. Distilling Co., 64 Mo. App. 131; Dry Goods Co. v. Grocer Co., 68 Mo. App. 290; Jaffrey v. Mathews, 120 Mo. 317; Manufacturing Co. v. Woodson, 130 Mo. 119; Brookshier v. Insurance Co., 91 Mo. App. 605; Sexton v. Anderson, 95 Mo. 373; Calihan v. Powers, 133 Mo. 481; Claflin v. Lubke, 162 Mo. 648.]

The judgment is reversed and the cause remanded with directions to dismiss the petition. All concur.