**DALTON et al. v. PETERS.**

**In re SYLVAN BEACH, Inc.**

**No. 11908.**

Circuit Court of Appeals, Eighth Circuit.
April 28, 1941.

Rehearing Denied May 23, 1941.

Staunton E. Boudreau, of St. Louis, Mo. (Thomas J. Noonan, of St. Louis, Mo., on the brief), for appellants.

C. Lew Gallant, of St. Louis, Mo., for appellee.

Before WOODROUGH, JOHNSEN, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

July 30, 1938, Sylvan Beach, Incorporated, filed in the district court for the Eastern District of Missouri its petition for corporate reorganization. It alleged that it had had for more than the preceding six months its principal place of business in St. Louis County, Missouri, was a corporation eligible to become a bankrupt under the Act of Congress of July 1, 1898, relating to bankruptcy, 11 U.S.C.A. § 1 et seq.; not a railroad corporation, and authorized to file a petition under the provisions of Section 77 of the Act of Congress of March 3, 1933,

as amended, 11 U.S.C.A. § 205. That since on or about April 1, 1932, it had been engaged in the public amusement business in said county and state, which included the maintenance and operation of a public swimming pool, restaurant, riding stables, large picnic grounds, boat dock, and sundry concessions of various amusement features; and also sub-leased part of its properties for the operation of a gravel pit and of a gasoline station and a restaurant. That this business is conducted upon land containing thirty-two acres more or less, which the debtor had leased for a period of ninety-nine years from the first day of April, 1932, at a rental of $5,000 per annum, payable quarterly. Physical assets are listed of the alleged approximate value of $50,000, and debts are placed at the approximate amount of $28,000.

In its petition the debtor states that it has not had sufficient working or operating capital, and that approximately $13,000 of the aforesaid indebtedness is secured by a certain deed of trust, executed May 31, 1935, securing the sum of $7,000 to the Farmers-Merchants Bank of Fenton, Missouri, and the sum of approximately $10,000 to other creditors, which items are fully set out in said deed of trust in which appellants are named as operating trustees. That said trustees are respectively president and cashier of said Farmers-Merchants Bank; that the debt of $7,000 to the bank has been reduced to the sum of $3,000 by application on said indebtedness by said appellant-trustees of income from the business of petitioning debtor; that said trustees have been applying the income of the debtor company to the balance due the bank, of which they are officers, without protecting the requirements of the aforesaid leasehold property; and, by reason of a clause in said deed of trust permitting foreclosure, now threaten to foreclose and sell all the assets of petitioner, to the irreparable injury and loss of its total investment.

Petitioning debtor states that it is unable at this time to meet its debts as they mature, but believes, as it desires, that it will be able to effect a plan of reorganization and refinancing of its entire capital structure.

July 30, 1938, the district court approved the petition for reorganization and appointed appellee as temporary trustee, with the usual authority, until the further order of the court, to do all things necessary or convenient, in the operation of said business and the maintenance and preservation of the estate.

May 29, 1940, appellants entered special appearance and filed motion to dismiss the cause for alleged lack of jurisdiction. August 5, 1940, this motion was denied and dismissed, the district court expressly reserving and retaining "full authority, at some future date, to pass upon the question whether the appointment of temporary trustee be made permanent or be terminated."

The assignments of error state the question presented on this appeal in the following language: "The court erred in its order and judgment of August 5, 1940, in failing and refusing to dismiss the cause for lack of jurisdiction and to order accounting for restoration of movants' property", taken into possession by the temporary trustee.

In support of this assignment appellants urge that the petition for reorganization was not filed in good faith in that the debtor had no business whatever to become the subject matter of reorganization; that the jurisdictional facts stated in the petition were false, and known to be false, and were made to mislead and induce the district court to assume a jurisdiction which it did not in fact acquire, and to restore to debtor the property, assets, and business debtor, by its deed, had sold, conveyed, assigned and delivered to appellants in execution of a valid contract made for valuable considerations; that the debtor was not only hopelessly insolvent, but had contracted to sell, and had sold, its business and assigned all its assets to its creditors. This leads necessarily to a consideration of the instrument upon which appellants predicate their claim of title, and, by the same token, the truth or falsity of the debtor's statements in its petition.

In 1935 Sylvan Beach, Incorporated, had pending in the district court for the Eastern District of Missouri a proceeding for reorganization under the terms and provisions of Section 77B of the Act of Congress relating to bankruptcy, 11 U.S.C.A. § 207. During the progress of these proceedings the Farmers-Merchants Bank of Fenton, Missouri, offered to make a loan in the sum of $7,000 to be disbursed in payment of rental and other claims, upon condition that the then pending reorganization proceeding be dismissed, the execution of promissory notes in settlement of the claims of known creditors, and the further condition that Sylvan Beach, Inc., execute and deliver a

deed of trust conveying all of its property to appellants herein for the uses and purposes described in said deed of trust.

In this deed of trust the debts to the bank and to other creditors were duly described, and promissory notes evidencing the same were specifically provided, and the conveyance of the property of the debtor was made, however, "to secure said indebtedness and interest to be earned thereon". It was further stated that "to secure the payment of which said notes the party of the first part has executed this Deed of Trust." It was further provided that: "The trustees shall, if said property is not already insured, insure and keep, the property insured for the benefit of trustees and for the benefit of the party of the first part and for the benefit of the parties of the third part, as their interests may appear, against loss by fire and tornado and the trustees shall carry such liability, indemnity and other insurance as they may deem desirable and necessary to protect them and the party of the first part, and the parties of the third part against liability growing out of the trustees' occupancy and operation of the premises and business located thereon".

It was further provided that the trustees should "arrange for such accounting as may be necessary or needful for the proper operation and supervision of said business and the preservation of the property", and "shall open books of account and cause to be entered therein due and proper account of the earnings, receipts, income, expenses and disbursements of the business and property of which they are hereby created trustees, * * * which said books of account shall be open to inspection at any and all reasonable times during the continuance of this trust by any of the parties hereto". And further: "The trustees shall continue to operate the property, premises and business hereinabove described until the 15th day of October, 1938, unless sooner terminated, and unless the party of the first part shall pay or cause to be paid all and singular the indebtedness of all of the parties of the third part in full, or unless the trustee shall pay out of the operation of the business all and singular the indebtedness of all of the parties of the third part, in full, on or before the 15th day of October, 1938, or if default be made in the due fulfillment of the covenants and agreements, or any of them, then this conveyance shall remain in force, and the said parties of the second part, or in the case of the death or disability of both or either of the parties of the second part, or their neglect or refusal to act, then Charles F. Rott, as successor in trust, or in case of his inability, neglect or refusal to act, then a successor appointed by the holders of the notes by a majority vote, or if none be so appointed, then a successor appointed by the Circuit Court of the County of St. Louis, Missouri, may, at the request of the legal holder of any of the notes secured hereby, proceed to sell the property hereinbefore conveyed, or any part thereof, at public vendue or outcry, at the northern east front door of the Court House at Clayton, Missouri, to the highest bidder for cash". And, after paying from the proceeds of such sale all claims directly or indirectly secured by said deed of trust, then "the balance to the party of the first part, assigns or successors".

It is difficult from the nature of this instrument, whether standing alone or read in the light of surrounding circumstances, to find support for appellants' contention that the corporate debtor has no assets, but that appellants have absolute title by virtue of a sale and conveyance by deed in May, 1935. The deed of trust to which reference is made, at first blush, has the general appearance of a voluntary assignment for the benefit of creditors, Section 5739, Rev.Stat.Mo.1939, Mo.St.Ann. § 5629, p. 563, but further consideration stamps it as a deed of trust in the nature of a mortgage, under the laws of Missouri to secure the indebtedness therein described. To be sure the terms and conditions imposed depart somewhat from the more rigid formality of such deeds of trust, but the customary provisions of indebtedness secured, time and terms of payment, power of sale in case of defeasance, and distribution of proceeds of sale, including balance over to the mortgagor are present. The courts of Missouri have been consistent in their distinguishment of a deed of trust in the nature of a mortgage from a voluntary assignment for the benefit of creditors.

"An assignment is a conveyance to a trustee for the purpose of raising funds to pay a debt, while a deed of trust, in the nature of a mortgage, is a conveyance in trust for the purpose of securing a debt, subject to a condition of defeasance. The radical distinction between them exists in the equitable interest which the grantor, in the case of a deed of trust, still retains in the assigned property, which interest is usually disclosed by a clause of defeasance in the instrument.

"But an express provision of defeasance is not essential to characterize an instrument as a mortgage. If, from its nature, either standing alone or read in the light of the surrounding circumstances, it appears to have been given as a security, it must be considered as a mortgage.

"Whether an instrument be an assignment or a mortgage, if a surplus remains in the hands of the trustee, after the purposes of the trust have been discharged, it will go to the grantor, in whose favor a resulting trust for such excess will be implied, although it be not expressed in the conveyance."

Hargadine v. Henderson, 97 Mo. 375, 11 S.W. 218.

See, also, Crow v. Beardsley, 68 Mo. 435; H. B. Claflin Co. v. George W. Lubke, Jr., Trustee, et al., 162 Mo. 648, 63 S.W. 407; In re Assignment of Zwang, 39 Mo.App. 356; and In re Assignment of Howard, 128 Mo.App. 444, 449, 107 S.W. 398.

 In the case at Bar the deed of trust was a conveyance in the nature of a mortgage for the purpose of securing the debts therein set out and of preserving the interests of the bankrupt debtor as well. The case, therefore, falls within the rule announced by this court in Grand Boulevard Inv. Co. v. Strauss et al., 8 Cir., 78 F.2d 180, in which it was held that the bankruptcy court has "jurisdiction, in proceedings under Bankruptcy Act for reorganization of corporations unable to meet their debts as they matured, to entertain debtor's petition to be placed in possession of mortgaged property, or for appointment of trustee to take charge and possession of property, which was in possession of trustee, and could, in exercise of its discretion, grant or deny petition on its merits". And this is true even if a lienholder has been in possession of property for more than four months prior to the initial petition of the debtor. It was remarked that the question presented is addressed not to the power of the court, but to its discretion, and that the question of interference with private contractual rights has been disposed of by the Supreme Court in Continental Illinois National Bank & Trust Company v. Chicago, Rock Island & Pacific Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110; and generally, and by this and other Circuit Courts of Appeals. Warner Bros. Pictures, Inc., et al. v. Lawton-Byrne-Bruner Ins. Agency Co. et al., 8 Cir., 79 F.2d 804, 810. The decision of this court in First National Bank v. Conway

Road Estates Company, 8 Cir., 94 F.2d 736, is inapplicable here because there the debtor's interest in the property was a disputed claim to an equitable interest which could be adjudicated only in a plenary suit, and, further, it was urged and appeared that the petition for reorganization was not filed in good faith. As was stated, the vital question there was whether or not, upon the undisputed facts, the trial court abused its discretion. The situation here is crucially different. Appellants' claim of title under the facts appearing in the record is scarcely even colorable; and nothing disclosed impeaches the good faith of this petition for reorganization. The fact that much of the secured indebtedness has been paid out of the earnings of the business, during a three year period, promises well for success under reorganization; and the threat of foreclosure, and the unwarranted assumption of title under the deed of trust, impeaches, rather, the good faith of appellants in this controversy.

The district court has assumed no final attitude in the matter that can be construed as abuse of the preliminary discretion conferred upon it by the Bankruptcy Act. It follows that its order and decree should be affirmed, and it is so ordered.